Jack Stanislaw, J.
This is an action for declaratory judgment to determine plaintiff’s rights with respect to a certain one-acre parcel of realty located in Holbrook, Township of Brookhaven, County of Suffolk.
The property was conveyed to plaintiff by a tax deed issued by the County Treasurer on January 9, 1957 in consideration of payment in the sum of $23.73, representing past-due taxes on the premises for the year 1952/1953.
Plaintiff held the deed for some six years, and during that time apparently neither tried nor was able to determine its location. In 1963, however, believing the property did not exist, he returned the deed to the county and received a full refund of all moneys paid by him at the tax sale and for subsequent taxes.
Plaintiff has produced a copy of a letter, dated April 26,1963, on the letterhead of the Town of Brookhaven, Assessor’s Office, addressed “ To whom it may concern ”, signed by Lawrence J. Fogarty, Chief Clerk, reading as follows:
“ On this day Charles C. Farranto does agree that he will surrender his tax deed issued January 9, 1957 to property described as follows, N — To a point; E — Wyell, Steiger, Farranto & Ors.; S — Pederson W — Webster Map; Being 1 Acre located at Holbrook School Dist. 5-25 in Described Book #1. This property according to the affidavit does not exist.
*626 ‘ ‘ However Mr. Farranto wishes to reserve the right that if in the future this property is found to exist that this affidavit should be cancelled and the Tax Deed to Charles C. Farranto be reinstated automatically to him and any and all monies refunded to Mr. Farranto and any additional taxes will be paid to the County .of Suffolk.”
Attached to the letter is an affidavit entitled “ Assessor’s Certificate of Erroneous Assessment ”. The affidavit, sworn to on April 30, 1963, is made by “ Francis J. Rooney, Deputy Assessor ”. It contains a description of the subject premises and states: “ [T]he assessment for the years 1952-1953 to 1961-1963 * * * is erroneous in that the parcel described does not exist. Therefore, the tax sale should be cancelled and also the deed issued to Farranto 1/9/57 should be cancelled. Property assessed to Unknown Owner now Farranto should be can-celled. Charge back, if any, should be made to the Town of Brookhaven.”
Plaintiff has also produced a copy of a letter addressed to him, dated May 16,1963, on the letterhead of the Town of Brookhaven, signed by Alex GK Proios, Receiver of Taxes, re item #1232881, 1 acre, Holbrook, stating:
“ An affidavit was issued by the Board of Supervisors, River-head, N. Y., cancelling the above item, as this parcel does not exist.
11 Will you kindly return in the enclosed envelope, the full tax receipt you hold, and which has been cancelled, so that the necessary refund can be made to you.”
Accordingly, plaintiff surrendered the deed and received a refund. In 1966, however, it was discovered that the property described in the 1957 tax deed does exist. Relying upon the Fogarty letter, plaintiff requested reinstatement of his deed. In response, his attorney received the following letter from the County Treasurer, dated December 16, 1966:
“ I am enclosing herewith a copy of a letter I have sent to Mr. Henry R. Haase, Assessor, Town of Brookhaven in connection with the above captioned property.
‘1 This office can not take any further action on this case until a certificate of erroneous assessment is received from the Assessor authorizing the reinstatement of the assessment.”
Neither Fogarty (the former chief clerk of the Assessor’s office) nor Rooney (the former deputy assessor) is a party to this action. But plaintiff claims that the encumbent Assessor of the Township of Brookhaven, a party defendant herein, advised that he would not issue the certificate of erroneous assessment (referred to in the December 16, 1966, letter of the *627 defendant County Treasurer) unless plaintiff produced d survey, showing and guaranteeing the existence of the disputed premises. Plaintiff further claims that he caused such a guaranteed survey to be prepared, at an expense to him of $1,200, but defendants still refuse to return his deed in violation of their promises and representations and after erroneously certifying the nonexistence of his property.
The language of the Fogarty letter cannot be construed as a binding agreement on the part of the town or the county to automatically reinstate the 1957 tax deed. Any statements to that effect, which may have been made by Fogarty or by other town or county employees, were erroneous opinions on a matter of law, which cannot be relied upon to raise an estoppel in plaintiff’s favor (Shapley v. Abbot, 42 N. Y. 443, 448; New York City Employees' Retirement System v. Eliot, 267 N. Y. 193, 203).
There is, however, a specific procedure prescribed under section 40-e, paragraph “ Third ”, of the Suffolk County Tax Law (L. 1920, ch. 311, as amd. by L. 1941, ch. 99), whereby the “ cancellation ” of a tax sale may be “ set aside ”, when such cancellation was “ made under a mistake of fact ”. We hold that the transaction, whereby plaintiff surrendered his tax deed and received a full refund of all moneys paid therefor and for subsequent taxes, amounted to a rescission and cancellation of the tax sale upon which the 1957 tax deed was issued and that such cancellation was “ made under a mistake of fact.”
Plaintiff, therefore, may proceed in accordance with the requirements of said section 40-e, providing for the prescribed written notice of his application to set the cancellation aside to be made upon all parties designated under that section.