A. Franklin Mahoney, J.
This is an application pursuant to CPLB 7803 (subd. 3) seeking a review of a determination made by respondent resulting in the dismissal of petitioner from her position with the State University of New York at New Paltz, it being petitioner’s contention that such determination was arbitrary, capricious or unlawful and, further, that judgment pursuant to CPLB 7806 should be granted annulling said determination, reinstating petitioner to her position and directing payment of any loss in salary.
On September 18, 1968 John H. Jacobson, Acting President of State University at New Paltz, by letter, offered to petitioner an appointment as Assistant Director of Institutional Besearch, effective September 26,1968. The petitioner accepted. On June 10, 1971 the respondent, President of the State University at New Paltz and successor to the appointing President, terminated petitioner’s employment. She now contends that she was retained as an Associate Professor with duties as Assistant Director of Institutional Besearch. She concedes that the appointment letter from respondent’s predecessor was void of any mention of appointment to academic rank and, further, that no recommendation was made to confer academic rank upon her. Yet, because her salary was computed on a 10-month basis, the “ Salary Breakdown for the Academic Year 1969-70 ” indicated her title as “ Associate Professor ” and she was listed on the salary roster of the college as “Associate Professor ”, she insists that respondent is now estopped from denying her academic rank and, accordingly, she can only be dismissed for cause. I cannot agree.
The State University operates under rules and regulations promulgated by the Board of Trustees pursuant to the authority of the Education Law (§§ 353, 354, 355) and such rules and regulations, once filed with the Secretary of State, have the force and effect of law (People v. Malmud, 4 A D 2d 86; People v. Cule, 10 N Y 2d 123). These rules, as filed, provide that a continuing appointment must be made by the Chancellor (8 NYCRR 335.2) or the Board of Trustees (8 NYCRR 335.11). No such appointment of academic rank was given to petitioner, nor does she claim such was the case. It is her contention that employees and *587 officers of the University regarded her, treated her and dealt with her in such a manner as to create a working or employment condition that persuaded or convinced her that she was enjoying academic rank as an “ assistant professor ’ ’ and her employer should now be estopped from denying that such conduct did in fact, if not de jure, confer on her the continuing appointment of “ assistant professor ”. While it cannot be said that an administrative agency is not open to enforcement of the doctrine of equitable estoppel, it can be stated that the application of such a doctrine against an agency of the State should only be made when failure to do so would operate to defeat a right legally and rightfully obtained. It cannot operate to create a right. It is, therefore, a defensive and not an offensive weapon in the hands of one who seeks to employ it (Morrill Realty Corp. v. Rayon Holding Corp., 254 N. Y. 268). In the case at hand the petitioner never was the recipient of an academic appointment from either the Chancellor or the Board of Trustees and the President at New Paltz was without authority to make such an appointment and, indeed, did not. Consequently, no legal right to such a position within the University was ever created or granted to petitioner, the termination of which might be prevented by the defensive shield of equitable estoppel.
While it is to be regretted that one possessed of such obvious skills and abilities as well as a dedicated sense of loyalty to duty and employer should have his (her) employment terminated so abruptly, it appears to the court that the action of the respondent is legally permissible. Clearly, petitioner was not appointed for a term nor to separate yearly appointments. She was appointed to an administrative, nonacademic ranked position which was terminable at the pleasure of the respondent (8 NYCRR 333.6).
Petition is dismissed.