John T. Casey, J.
This case is presented to this court in a context that differs from the motion previously decided by Mr. Justice Hughes. On that motion the defendants moved to dismiss the complaint for insufficiency, before service of their respective answers. The motion was denied and the answers served. Now, the defendants’ motion, although addressed squarely to the sufficiency of the complaint, is one for summary judgment and not only the answer but supporting affidavits for and against the motion have been filed and must be considered.
In essence, the papers show that the plaintiff owns 500 acres of land in Schoharie County on which it operates a large dairy farm and through which runs a stream known as the Bear Bull, classified by the New York State Environmental Conservation Department (Department herein) as Class “ C ” with “ C (T) ” standards for quality and purity. In September and October, 1971 the plaintiff hired a contractor to clear some alder bushes near and bordering this stream for the purpose of growing more hay and feed for its cattle. In the process bulldozers were, on occasion, caused to cross the stream. The individual defendant, an employee of the Department, advised the plaintiff that the stream was statutorily protected and a permit was required for any work which modified or disturbed its bed or banks. No permit was ever applied for then or since, and in January, 1972 this action was commenced by the plaintiff. The complaint contains two separate causes.
The first is brought pursuant to article 15 of the Real Property Actions and Proceedings Law to compel a determination of all claims adverse to the plaintiff in the subject premises by the Department and the defendant, the People of the State of New York.
The second cause of action, against all the defendants except the People of the 'State of New York, is an action for a declaratory judgment, which alleges that the statutes and regulations involved in the action are unconstitutional in depriving the plaintiff of its property without due process of law and without *858 payment of just compensation. The plaintiff also seeks money damages for financial loss sustained by it as the result of1 the enforcement of said regulations.
The gist of the -complaint is that the -clearing of the plaintiff’s land took place not only in the vicinity of the stream and its banks but also on land beyond the stream bed and because of that the State of New York was unlawfully regulating and confiscating the plaintiff’s land. The plaintiff’s only proof offered ■in this regard is the statements made to it by the Department’s employee, Robert Snyder, who allegedly told the plaintiff that “ the stream, its environs and woods adjoining the same were a wildlife refuge under State ownership”. This allegation is denied by the -defendants.
The difficulty with the plaintiff’s position is that the individual Snyder as an employee cannot bind or estop the State or any of its departments. (City of New York v. Wilson & Co., 278 N. Y. 86; Farranto v. Haase, 60 Misc 2d 625; Matter of Janosko v. Kross, 27 Misc 2d 210; Brill v. Wagner, 5 Misc 2d 768.) Furthermore, the State admits that it is not attempting to condemn, confiscate, or use any of the plaintiff’s land as a wildlife sanctuary or for any other public purpose, but seeks only to insure that this classified stream is not changed, altered or polluted to its detriment. That issue, of course, could have been squarely posed if the plaintiff had applied for a permit to clear the alders from around the stream. Then, if the plaintiff’s application to do so was wrongfully denied, or was unduly extended to lands beyond the stream, the determination could appropriately be reviewed and corrected as arbitrary in an article 78 proceeding. Having failed to apply for such a permit, however, it is impossible to .review this action in that pattern.
The action taken ,by the State of New York and its Department to assure that a classified stream is kept pure and subject only to proper use by an owner is salutary. Such limitation of use imposed upon the owner is proper as long as it is reasonable. No person may subject even his own land or streams to pollution that would adversely affect adjoining or riparian owners and the State’s regulations of such use have always been appropriate under its police power to regulate and protect its resources.
The statutes (former Conservation Law, § 429-a, now Environmental Conservation Law, § 15-0501) which authorize such regulations are not unconstitutional (Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164) and since the plaintiff failed to apply for a permit thereunder the constitutionality *859 of the application of the statutes to the plaintiff’s situation cannot be tested here.
The first cause of action must, therefore, be dismissed since there has been no showing of any unlawful confiscation or adverse claim to the plaintiff’s property.
The second cause of action must also be dismissed insofar as it claims money damages from the State since such relief is no longer incidental to any appropriate relief requested in the complaint. Money damages, independent at least of an appropriate action, must be sought against the State in the Court of Claims.
As to the second cause of action for a declaratory judgment declaring the appropriate statutes unconstitutional on their face, it is declared that the statutes (former Conservation Law, § 429-a, now Environmental Conservation Law, § 15-0501) are constitutional.