■ In the Matter of MARY ROCKBURN, Appellant, v. NEW YORK STATE POLICE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 23, 1974. Claimant's husband, a 63-year-old New York State Police Sergeant stationed at Tupper Lake, New York, sustained a myocardial infarction shortly after reporting for duty on August 17, 1970 at 11:00 P.M. Claimant maintains that decedent was being pressured to retire; that he was apprehensive due to an impending inspection of the substation and that just prior to the attack he had moved some supply packages to a storeroom. It is claimant's contention that this combination of circumstances constituted an industrial accident. The board found that death was not related to the employment but was totally unrelated, having resulted from the natural progression of underlying coronary disease. There was contradictory medical testimony. The employer's doctor testified that death was "totally unrelated to the work he was doing and was the result of a progressing natural disease which terminated with a massive myocardial infarct that caused his death." On this record there is substantial evidence to sustain the board's determination and we must affirm. Decision affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.

■ PROSPECT ENTERPRISES, INC., Appellant, v. THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.— Order and judgment, Supreme Court, Schoharie County, entered on February 15, 1974, affirmed, without costs, on the opinion of Casey, J., at special term. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Main, JJ., concur. [76 Misc 2d 856.]