William G. Heffron, J.
The People appeal from a dismissal of an accusatory instrument charging the defendant with violating sections 140.05, 205.30 and 205.05 of the Penal Law on October 10, 1974, in the City Court of Buffalo. The arresting officer was a peace officer employed by the State University of New York at Buffalo.
In the court below the defendant-respondent moved to dismiss the information on the ground that the arresting officer was not properly appointed under the Education Law (§ 355, subd 2, par m). The court granted his motion because, the court stated, under the statutory law only the Board of Trustees of the State University is empowered to appoint peace officers, and the peace officer involved in this particular case had been appointed by Robert Ketter, President of the State University of New York at Buffalo. The court reasoned that this appointment was beyond the scope of President Ketter’s authority and therefore the peace officer had no power to arrest the defendant-respondent. Since the arrest was unauthorized, the information was dismissed.
The Education Law (§ 355, subd 2, par m) clearly indicates that the Board of Trustees of the State University is empowered to appoint peace officers to protect the campus. The State University operates under rules and regulations promulgated by the Board of Trustees pursuant to the authority of sections 353, 354 and 355 of the Education Law, and such rules and regulations, once filed with the Secretary of State, have the force and effect of law (People v Malmud, 4 AD2d 86; People v Cull, 10 NY2d 123; Gadzella v Neumaier, 67 Misc 2d 585). The rules and regulations promulgated by the Board of Trustees, pursuant to statutory authority (Education Law, § 355, subd 2, par m), assigned powers and duties to executive and administrative officers of the State University system. Section 328.12 of title 8 of the Official Compilation of Codes, Rules and Regulations of the State of New York reads as follows: "Executive and administrative officers shall have such powers, duties and responsibilities as may be assigned by the board of trustees or by the chancellor.”
Furthermore, the Education Law (§355, subd 2, par h) *576 provides that the Board of Trustees shall have the power to appoint the head of each State-operated institution and to prescribe the powers and duties of the head of each such institution and to appoint or provide for the appointment of other employees as may be necessary. This the Board of Trustees has done by a resolution dated September 30, 1972, and submitted to the court below, in which the chief administrative officer of each State-operated institution of State University was given the power to designate and appoint peace officers at the institution where he is employed. Pursuant to this resolution, the chief administrative officer of the State University of New York at Buffalo appointed the arresting officer in this case as a peace officer who shall have the powers of a police officer as defined in the Criminal Procedure Law. Therefore, the complainant in this action was properly appointed and had the authority to make the arrest of the defendant-respondent.
Therefore, this court reverses the court below on the law and the facts and reinstates the accusatory instrument and remits to the court below for trial.