■ In the Matter of EDWARD J. McLAUGHLIN, Respondent, v PETER A. A. BERLE, as Commissioner of the New York State Department of Environmental Conservation, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered March 1, 1979 in Albany County, which, in a proceeding pursuant to CPLR article 78, directed the reinstatement of petitioner to his position as a mail and supply helper with the Department of Environmental Conservation and granted back pay and benefits from the date of his termination from said position. Effective November 10, 1977, petitioner received a permanent civil service appointment to the position of mail and supply helper with appellant. Petitioner's probationary term, as required by civil service rule (4 NYCRR 4.5), was set at not less than eight weeks nor more than 26 weeks. It is conceded by both parties that the permanent appointment was a mistake and that petitioner should only have been given a temporary appointment because the position had become open due to a promotion of a permanent civil service employee who still retained the right to return to that position (4 NYCRR 4.5 [f]). On December 28, 1977, petitioner was informed that he would be retained in his position and that his probationary period would be extended to the full 26 weeks, expiring on May 17, 1978. By letter dated April 13, 1978, petitioner was informed of his removal from his permanent civil service position because the person on leave from that position elected to return and that he was to be reassigned in the same job title to a different work location with his probationary period extended an additional 12 weeks. Petitioner's performance in his new assignement was so unsatisfactory that he was terminated

at the end of the fourth week of his new probationary period. Petitioner does not challenge appellant's finding of unsatisfactory job performance. Instead, petitioner argues that due to serious procedural errors committed by appellant's personnel office, his dismissal must be annulled and he must be reinstated. Special Term granted petitioner's request. Petitioner's basic argument is that his appointment to a permanent civil service position, although contrary to civil service rules (4 NYCRR 4.5 [f]), works an equitable estoppel against appellant and prevents appellant from discharging him. However, equitable estoppel is rarely applied against a State agency on the basis of an administrative error (see, e.g., *Matter of Gavigan v McCoy,* 37 NY2d 548, 552; *Matter of Goldstein v Bartlett,* 92 Misc 2d 262, 270; *Prospect Enterprises v People,* 76 Misc 2d 856, 858, affd 46 AD2d 951), and the doctrine should only be applied when failure to do so would operate to defeat a right legally and rightfully obtained. It cannot operate to create a right *(Gadzella v Neumaier,* 67 Misc 2d 585, 587). Here, since petitioner's alleged status as a permanent employee grew out of an appointment which was *ultra vires,* he cannot prevent the agency from subsequently correcting its initial mistake. Petitioner concedes that deprived of his claimed permanent status, he has no defense to appellant's actions. Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.