■ In the Matter of ERIC M. HAUBEN, Respondent, v HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered November 28, 1978, awarding petitioner the sum of $11,709.03, plus interest, unanimously reversed, on the law, without costs, and motion to dismiss petition granted. Petitioner-respondent was employed as a tennis consultant by the Parks, Recreation and Cultural Affairs Administration of the City of New York (PRCA) from February 14, 1972 to August 14, 1973, serving the maximum allowable period for a consultancy. PRCA, desirous of continuing to employ petitioner, attempted unsuccessfully to hire him under another civil service title, and then sought the creation of a new title, "Tennis Coordinator." In the interim, petitioner was requested by his supervisors to continue working, on the assurance that the new title would be forthcoming. He continued to perform his duties, though not compensated, from August 14, 1973 through February 8, 1974. Petitioner has established that most of the steps leading to the creation of a new position were taken. The record shows that approvals were received from the Bureau of the Budget, the Vacancy Control Board and the Mayor's office. However, he speculates

concerning the existence of a temporary title code number and attempts to draw inferences as to its existence from the actions of the other city agencies and the presence of an ambiguous, unsigned, handwritten note in his file. He has failed to sustain his burden of establishing that the new title was approved and certified by the municipal civil service commission. At the time, section 22 of the Civil Service Law provided, "Before any new position in the service of a civil division shall be created, the proposal therefor, including a statement of the duties of the position, shall be referred to the municipal commission having jurisdiction and such commission shall furnish a certificate stating the appropriate civil service title for the proposed position. Any such new position shall be created only with the title approved and certified by the commission." Compliance with this section is mandatory and failure to comply is fatal. (*Matter of Petrone v Miller,* 77 Misc 2d 1028, 1031.) The Court of Appeals has stated, "The public policy manifested in the Civil Service Law is very strong indeed * * * The statutory prescription that new positions can be created only by the municipal civil service commission is a specific instance of such strong public policy. It reflects the fact that the public has an interest in the creation of new positions which the municipality and its employees * * * are not at liberty to ignore and may not circumvent. Section 22 states a statutory imperative which 'is beyond the power of the parties to alter or modify'". (*Matter of Civil Serv. Employees Assn., Westchester Ch., Local 860 v Town of Harrison,* 48 NY2d 66, 74.) Petitioner urges upon us the propriety of invoking the doctrine of estoppel against appellant-respondents should we find no new position to have been created, as we have, and points out that both Special Term and the Special Referee recognized the application of the doctrine to these facts. We feel that reliance upon the theory of an equitable estoppel here would be misplaced. While, by now, it is settled that under certain circumstances, in exceptional cases, equitable estoppel is applicable to units of local government (*Brennan v New York City Housing Auth.,* 72 AD2d 410) the application of this doctrine against such local government should be made only when failure to do so would operate to defeat a right legally and rightfully obtained. It cannot operate to create a right. (*Matter of McLaughlin v Berle,* 71 AD2d 707; *Gadzella v Neumaier,* 67 Misc 2d 585.) Nor can it operate to relieve one from the mandatory operation of a statute, as here. Concur—Sullivan, J. P., Markewich, Silverman, Yesawich and Carro, JJ.