■ In the Matter of RONNI LEIZER et al., Appellants, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Pennock, J.), entered April 1, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Respondent Board of Cooperative Educational Services, Suffolk County (BOCES) appointed petitioners to three-year probationary positions in its special education program, petitioner Shaw in September, 1978 as a physical therapist and petitioner Leizer in March, 1979 as an occupational therapist. In March, 1979 BOCES applied to the State Education Department for a permit, pursuant to 8 NYCRR 80.33 (d), authorizing it to employ petitioner Leizer in a position which respondent Commissioner of Education (commissioner) had not certified as a teaching position. A two-year permit was issued, effective as of February 1, 1979. On July 1, 1980, BOCES terminated both petitioners' "unclassified" teaching positions (Civil Service Law, § 35, subd [g]) and reappointed them as "classified" civil service employees (Civil Service Law, § 40), on the basis that the original unclassified teaching appointments had been incorrect since

neither physical nor occupational therapists were certified as teaching positions. Petitioners brought an article 78 proceeding to estop this reclassification, and Special Term directed BOCES to apply, under 8 NYCRR 80.33 (d), for permits for noncertified positions for both petitioners from the commissioner. The commissioner thereafter denied the permits on the ground that there was "insufficient evidence to document that, in all or the majority of instances, the services provided by occupational and physical therapists could be characterized as teaching or the supervision of teaching". Petitioners then commenced the instant article 78 proceeding to annul the commissioner's determination and restore petitioners to their educational titles and benefits. Special Term dismissed the petition, and petitioners have appealed. Petitioners erroneously contend that the commissioner is estopped from denying them educational appointments. The doctrine of estoppel is generally not available against the State when acting within its statutory or regulatory authority, irrespective of any representation made by a State employee or official (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94; *Matter of Gavigan v McCoy,* 37 NY2d 548, 552). Estoppel should be allowed against the State only if failure to do so would defeat a right legally and rightfully obtained; it should not be used to create a right (*Matter of McLaughlin v Berle,* 71 AD2d 707, 708, affd 51 NY2d 917). There are only two methods by which an individual may validly be appointed to a teaching position: (1) a board of education may appoint a candidate to a teaching position which has been certified by the commissioner (Civil Service Law, § 35, subd [g]); or (2) the commissioner may waive the statute and grant a permit to an individual for a position which has not been certified, upon submission by a superintendent of schools of specified documents, including a detailed job description (8 NYCRR 80.33 [d]). It is uncontested that petitioners' original probationary appointments were invalid under section 35 of the Civil Service Law, since the positions of occupational and physical therapists had not been certified by the commissioner; that petitioner Leizer's February 1, 1979 permit under 8 NYCRR 80.33 (d) expired at the latest as of February 1, 1981, prior to Special Term's order to BOCES to seek such permits for petitioners; and that at all times petitioners had only probationary appointments and no vested rights to permanent educational positions (see *Matter of Bloomberg-Dubin v Board of Educ.,* 82 AD2d 854, affd 56 NY2d 555). Therefore, petitioners are attempting to use the doctrine of estoppel to create a right to unclassified teaching positions, and this they may not be allowed to do (*Matter of McLaughlin v Berle,* 71 AD2d 707, 708, affd 51 NY2d 917, *supra*). We must also consider, however, petitioners' contention that the commissioner's denial of the application for teaching permits for them was arbitrary and capricious. Such an application pursuant to 8 NYCRR 80.33 (d) must be accompanied by a detailed job description, a statement of qualifications for candidates, and a list of eligible candidates. The commissioner then is required to make a determination based on this submitted data as to whether the requested position can be characterized as involving teaching or supervision of teaching (see Civil Service Law, § 35, subd [g]). Clearly such a review of the applications was not made here. The commissioner denied the applications simply because he had not yet found that, in general, occupational and physical therapy positions could be characterized as teaching or supervisory positions. No issue has been raised concerning the accuracy or completeness of the materials submitted with these applications. Therefore, since the commissioner failed to exercise the discretion required under the regulation as to the particular positions, the order dismissing the petition should be reversed and the matter remitted to the commissioner for a redetermination consistent with the foregoing decision. Order and judgment reversed, on the law and the facts,

1119

without costs, and matter remitted to the Commissioner of Education for a redetermination consistent with the foregoing decision. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.