■ In the Matter of RONALD W. UZENSKI et al., Appellants, v S. NADEL, as Acting Chief Administrative Judge and Chief Administrator of the Courts of the State of New York, Respondent.—Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, First Department) from a judgment of the Supreme Court at Special Term (Sherman, J.), entered March 14, 1984 in New York County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to (1) reinstate the position of Senior Court Attendant, Appellate Division as of May 28, 1979, and (2) retroactively appoint each petitioner to such position as of the date each completed one year of satisfactory service as a Court Attendant.

The relevant facts are not disputed. Petitioners all left the position of Senior Court Officer of the Supreme Court to accept appointments to the Appellate Division, First Depart-

ment, as Court Attendants. Both positions had the same salary grade of JG18; however, at the time they were interviewed for the positions with the First Department, petitioners were informed that after one year of satisfactory service as Court Attendant, they would be eligible for promotion to Senior Court Attendant, salary grade JG21.

Upon petitioner Gerard P. McCarthy's completion of one year of satisfactory performance as Court Attendant on December 20, 1980, the Clerk of the First Department sought to have him promoted to Senior Court Attendant. It was then learned that the Senior Court Attendant classification was abolished by order of the Chief Administrative Judge dated August 18, 1980. Such order was effective nunc pro tunc as of May 28, 1979.

By order effective March 18, 1982, the position of Senior Court Attendant was reinstated by the Chief Administrative Judge. The Clerk of the First Department then requested that petitioners, all of whom had one year of satisfactory service as Court Attendants, be promoted to Senior Court Attendants. Petitioners were subsequently appointed to the positions of Senior Court Attendants and, with the exception of petitioner Ronald W. Uzenski, the appointments were effective April 22, 1982. Uzenski's promotion was effective May 6, 1982.

Although the Clerk of the First Department requested retroactive appointment for each petitioner to the date of his respective completion of one year of satisfactory performance as Court Attendant, respondent denied this request. Respondent's decision was based upon the fact that the March 18, 1982 order adopting the Senior Court Attendant classification was of prospective application only. Therefore, each petitioner sought retroactive appointment through a noncontract grievance procedure. This grievance was denied, and petitioners instituted this CPLR article 78 proceeding seeking, inter alia, to annul the order of August 18, 1980 abolishing the Senior Court Attendant classification as of May 28, 1979. Special Term dismissed the petition and this appeal ensued.

Petitioners' primary contention on appeal is that a public hearing was required before the Chief Administrative Judge could abolish the Senior Court Attendant classification; since no public hearing was held, petitioners contend that the August 18, 1980 order was a nullity. This argument is without merit, as no hearing was required.

In Corkum v Bartlett (46 NY2d 424), the Court of Appeals established that the standards and administrative policies

mandated by NY Constitution, article VI, § 28 (c) and Judiciary Law § 211 (1) (d) relating to nonjudicial personnel matters could only be adopted after public hearings. Equally clear from that decision, however, is that hearings afforded employees aggrieved by their classification as State employees within the Unified Court System were not statutorily or constitutionally required (*supra,* pp 429-431). Any requirement of a hearing in this regard was thus provided by regulation. From the decision, it appears that the regulations affording such employees hearings and appeals which were only proposed at that time are now embodied in 22 NYCRR 25.45 (b) and (c).

A plain reading of these regulatory provisions indicates that such administrative review was afforded only to those nonjudicial employees who, by virtue of the establishment of the Unified Court System, became State employees (Judiciary Law § 39). Petitioners are not such nonjudicial employees since their acceptance of the positions of Court Attendants occurred within the Unified Court System rather than pursuant to the transitional classification plan making nonjudicial personnel State employees when the Unified Court System was implemented. Moreover, even if 22 NYCRR 25.45 was applicable, petitioners are not concerned with the classification of their own positions as Court Attendants to which 22 NYCRR 25.45 would be addressed, but rather the classification status of the Senior Court Attendant position which was only an aspirational goal for petitioners through promotion.

22 NYCRR 80.1 (b) (16) empowers the Chief Administrative Judge to "adopt classifications and allocate positions for nonjudicial officers and employees of the unified court system, and revise them when appropriate". Respondent's predecessor was acting within this authority when he ordered that the classification of Senior Court Attendant be abolished. This authority was also exercised when the Senior Court Attendant classification was again adopted.

Petitioners next contend that they were promised promotions to the position of Senior Court Attendant upon the satisfactory completion of one year of service as Court Attendants and, accordingly, respondent should be estopped from denying petitioners' retroactive appointments to the positions of Senior Court Attendants. This argument must be rejected.

Generally, estoppel may not be applied against the State (*Matter of Gavigan v McCoy,* 37 NY2d 548, 552). Rather, estoppel is only allowed against the State if failure to do so would defeat a right legally and rightfully obtained (*Matter of*

*Leizer v Ambach,* 91 AD2d 1117, 1118, *lv denied* 58 NY2d 611). Petitioners had no legal right to promotion (*cf. Matter of Schuyler v Department of Personnel,* 47 AD2d 948, 949, *affd* 39 NY2d 851). Accordingly, Special Term's judgment dismissing the petition should be affirmed.

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.