■ In the Matter of DAVID H. ADLER, Appellant, v OFFICE OF COURT ADMINISTRATION OF THE UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK, Respondent. [827 NYS2d 31]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered September 6, 2005, denying the petition and dismissing this proceeding seeking to set aside the title classification of state court officer lieutenant, to vacate all appointments made under that title and to permanently enjoin respondent from making any further such appointments, unanimously affirmed, without costs.

Petitioner unreasonably delayed bringing this challenge to the noncompetitive classification of the recently created position on the grounds that it is arbitrary and contrary to law, thereby prejudicing respondent (see Matter of Schulz v State of New York, 81 NY2d 336, 347-349 [1993]). Petitioner failed to exhaust his administrative remedies (see Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375 [1975]); he was not excused from the administrative appeal process by his bare allegations that respondent violated his constitutional rights or that an administrative appeal would have been futile. Contrary to petitioner's contention, respondent was not required to hold a hearing on the classification (Matter of Uzenski v Nadel, 112 AD2d 684, 685-686 [1985]; see generally Corkum v Bartlett, 46 NY2d 424 [1979]). Petitioner also failed to join the newly appointed lieutenants as necessary parties (see Matter of McGuinn v City of New York, 219 AD2d 489 [1995], lv denied 87 NY2d 966 [1996]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.