## Park Row 23 Owners LLC v Jiha

2024 NY Slip Op 32426(U)

July 15, 2024

Supreme Court, New York County

Docket Number: Index No. 157547/2019

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. KATHLEEN WATERMAN-MARSHALL**

*Justice*

PART 09M

-----------------------------------------------------------------------------X

PARK ROW 23 OWNERS LLC

Plaintiff,

- v -

JACQUES JIHA,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157547/2019 |
| MOTION DATE | 08/02/2019 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 38

were read on this motion to/for ARShTICLE 78 (BODY OR OFFICER) .

Upon the foregoing documents, Petitioner Park Row Owners LLC ("Petitioner") seeks a determination, pursuant to Article 78 of the CPLR, that Respondent Commissioner of the Department of Finance Jacques Jiha ("Respondent") arbitrarily and capriciously refused to grant Petitioner tax abatement benefits under the Industrial and Commercial Abatement Program ("ICAP") (RPTL §§ 489-aaaaaa – 489-kkkkkk).

## Background

Petitioner owns a mixed-use building located at 25 Park Row, New York, New York 10038 ("25 Park Row"). 25 Park Row is made up of three tax lots: 1301, 1302, and 1303. The first two tax lots are assigned to that portion of 25 Park Row which has been designated for commercial use, measuring around 62,000 total square feet. The third tax lot is assigned to the larger residential portion of the building, which measures around 295,575 square feet.

ICAP sets out various "special eligibility requirements" that a building must meet to receive tax abatement benefits (RPTL § 489-bbbbbb [3] [f] [iii] [A]-[G]). This petition arises from a dispute over the applicability of RPTL § 489-bbbbbb (3) (f) (iii) (A) ("the statute"), which requires that "[t]he height of at least forty percent of the floors in such building or structure shall be not less than twelve feet, nine inches measured from the top of the slab comprising the floor to the bottom of the slab comprising the ceiling." Petitioner concedes that only the commercial portion of 25 Park Row complies with this requirement and it was on this basis that Respondent denied Petitioner's application for ICAP benefits. Petitioner has filed this Article 78 petition challenging Respondent's letter of August 2, 2019 (NYSCEF Doc. No. 7) denying Petitioner's application for ICAP benefits.

*Petitioner's Claims*

Petitioner claims that Respondent is estopped from denying ICAP benefits based upon a representation made by an employee of Respondent in an email exchange (NYSCEF Doc. No. 3). In the subject email, Respondent's employee allegedly indicated that Petitioner needed to comply with RPTL § 489-bbbbbb (3) (f) (iii) (A) only with respect to the commercial portion of its mixed-use

**157547/2019   PARK ROW 23 OWNERS LLC vs. JIHA, JACQUES**
**Motion No. 001**

Page 1 of 5

building. Petitioner alleges that it changed its building plans to ensure that the commercial portion of the building complied with the statute (i.e., that 40% of the floors were not less than twelve feet, nine inches from floor to ceiling). ICAP benefits were nevertheless denied. Therefore, Petitioner claims that it detrimentally relied on the representation made by Respondent's employee, asserts that the doctrine of promissory estoppel requires Respondent to grant its ICAP application, and argues that Respondent's denial of its ICAP application was arbitrary and capricious.

Additionally, Petitioner alleges that Respondent's application of RPTL § 489-bbbbbb (3) (f) (iii) (A) to the entirety of the building was arbitrary and capricious. Petitioner contends that the words "building or structure" in this provision ought to be construed to refer only to the commercial portion of a building for which ICAP benefits are sought. Petitioner argues that its position is supported by the legislature's intent; it contends that ICAP was intended to incentivise the construction of high-tech office space in Lower Manhattan, by providing developers tax breaks for constructing mixed-use buildings. Applying RPTL § 489-bbbbbb (3) (f) (iii) (A) to the ICAP-benefit-ineligible residential portion of the building, therefore, would be contrary to legislative intent. Petitioner also argues that the statute uses the terms "building and structure" and "property" interchangeably, and therefore, there is room for this Court to interpret the term "building or structure" in RPTL § 489-bbbbbb (3) (f) (iii) (A) to refer only to the eligible condominium tax lot.

*Respondent's Opposition*

In opposition, Respondent claims that a plain reading of the statute demonstrates that RPTL § 489-bbbbbb (3) (f) (iii) (A) applies to the entire building, and not to the tax lot or to a portion of the building. Respondent also states that his employee made an error in interpreting the statute and argues that the doctrine of promissory estoppel cannot extend to forcing government bodies to ratify errors made by their employees. Respondent also contends that this proceeding was improperly commenced, since Petitioner served the petition on the Department of Finance, rather than on the Corporation Counsel, as required under CPLR 311.

**Jurisdiction – Personal Service**

CPLR 3211(e) requires a respondent to move for judgment dismissing the petition for improper service within 60 days after serving its responsive pleading, otherwise such relief is waived.

Here, Respondent served its answer, in which it raised improper service, on or about November 8, 2019 and it was required to move for judgment dismissing the petition on that ground by January 7, 2024. However, Respondent never moved for such relief. Accordingly, Respondent waived any objection to defective service and dismissal pursuant to CPLR 3211(e) is denied.

**Article 78 - Reviewability of Respondent's Actions as Arbitrary or Capricious**

In a proceeding pursuant to Article 78 of the CPLR, an agency's reasonable interpretation of the statutes and regulations it administers, in accordance with its specialized competence or expertise, is entitled to deference (*Wang v James*, 40 NY3d 497 [2023]). "However, where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency . . . [and] the judiciary need not accord any defence to the agency's determination" (*id.*, citing *Matter of Belmonte v Snashall*, 2 NY3d 560, 566 [2004]; *see also Roberts v Tishman Speyer Properties, L.P.*, 13 NY3d 270 [2009]). "The primary consideration 'is to ascertain and give effect to the intention of the Legislature'" (*Daimler Chrysler Co. v Spitzer*, 7 NY3d 653, 660 [2006], quoting *Riley v County*

**157547/2019   PARK ROW 23 OWNERS LLC vs. JIHA, JACQUES**                                    **Page 2 of 5**
**Motion No.  001**

2 of 5

[* 2]

*of Broome*, 95 NY2d 455, 436 [2000]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]).

The Court will not interfere with an agency determination unless there is no rational basis, or the action complained of is arbitrary and capricious (*Matter of Gilman v New York City Dept. of Hous. Preserv. & Dev.*, 99 NY2d 144 [2002]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Peckham v Calogero*, 12 NY3d 424 [2009]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck Westchester County*, 34 NY2d 222 [1974]).

The statutory text at issue in this proceeding is RPTL § 489-bbbbbb (3) (f) (iii) (A), which provides as follows:

> (iii) Special eligibility requirements. Notwithstanding any other provision of this title, no benefits shall be granted pursuant to this paragraph unless the building or structure meets the requirements of clauses (A) and (B) of this subparagraph, and further meets at least two of the requirements set forth in clauses (C) through (G) of this subparagraph:
> (A) The height of at least forty percent of the floors in such building or structure shall be not less than twelve feet, nine inches measured from the top of the slab comprising the floor to the bottom of the slab comprising the ceiling;

In an apparent issue of first impression, the parties dispute the definition of "building or structure" within RPTL § 489-bbbbbb (3) (f) (iii) (A). Briefly summarized, Petitioner contends that the term "building or structure" within the statute applies to individual property tax lots, and in the case of a mixed-use building, the statute applies only the commercial portion of the building. Consequently, Petitioner contends that Respondent's application of RPTL § 489-bbbbbb (3) (f) (iii) (A) to the entirety of the building was, therefore, arbitrary and capricious. Respondent, however, contends that "building or structure" does not apply to an individual tax lot but rather to the edifice as a whole.

Notably, "building or structure" is not defined within the statute. Accordingly, the Court must apply the plain meaning of the language to effectuate the legislative intent.

Applying the plain meaning to "building or structure" does not support Petitioner's interpretation. The plain meaning of "building or structure" is of the entire physical building. Black's Law Dictionary defines "building" as "a structure with walls and a roof, esp. a permanent structure" and "structure" as "any construction, production, or piece of work artificially built up or composed of parts purposefully joined together <a building is a structure>." (*Black's Law Dictionary* [11th. ed. 2019]). The use of the term "structure" in conjunction with "building" further strengthens the presupposition that the term refers to the physical building itself, rather than an abstract conception of a tax lot. While it may be true that some portions of the ICAP statute use the terms "building and structure" and "property" interchangeably, RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G) explicitly does not. The only term used in RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G) special eligibility requirements is

**157547/2019   PARK ROW 23 OWNERS LLC vs. JIHA, JACQUES**
**Motion No.  001**

**Page 3 of 5**

3 of 5

"building or structure", and the term is used in connection with the physical features that such building or structure is required to have.

In addition, there is no provision in the ICAP statute in which the terms "building and structure" are interchanged with the terms condominium units or tax lots. In this regard, Petitioner's argument that the term "building and structure" may mean the "eligible tax lot" is unpersuasive. On the other hand, Respondent's interpretation does not lack a rational basis and is based on the plain meaning of the statute. If the legislature had intended "building and structure" to take on a different meaning, it would have made this clear, as it has in other portions of the RPTL. For instance, RPTL § 489-cccccc (3) (a) (i), which sets out the eligibility of portions of residential buildings for ICAP benefits, explicitly states that "[f]or purposes of this paragraph, 'property' means the real property contained by an individual tax lot." This statement is specific; limited only to that paragraph; and has not been included in RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G), although it could have been.

Moreover, given that the present case relates to a property tax abatement, the statute is to be construed in favour of the taxing authority (*Grace v New York State Tax Com.*, 37 NY2d 193, 197 [1975] ["An exemption from taxation must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption" [internal quotation and citation omitted]). "Thus, the taxpayer's interpretation of the statute must not simply be plausible, it must be the only reasonable construction" (*Matter of Charter Dev. Co., LLC v City of Buffalo*, 6 NY3d 578, 582 [2006] [internal quotation and citations omitted]). Petitioner's proposed interpretation of RPTL § 489-bbbbbb (3) (f) (iii) (A) is not the only reasonable interpretation. On the contrary, as shown above, the plain meaning of RPTL § 489-bbbbbb (3) (f) (iii) (A) supports Respondent's different and reasonable interpretation.

To the extent that Petitioner argues that the application of the statute to the entirety of the building serves no practical purpose, such argument is in the nature of a challenge to the overall validity of RPTL § 489-bbbbbb (3) (f) (iii) (A). However, that question is beyond the scope of this proceeding and the Court's analysis is limited to whether Respondent interpreted the language of RPTL § 489-bbbbbb (3) (f) (iii) (A) in an arbitrary or capricious manner.

Therefore, this Court finds that Respondent's interpretation of RPTL § 489-bbbbbb (3) (f) (iii) (A) was neither arbitrary nor capricious.

### Equitable Estoppel - Petitioner's Reliance on Representations made by Respondent

Having found Respondent's interpretation of RPTL § 489-bbbbbb (3) (f) (iii) (A) to be neither arbitrary nor capricious, this Court now turns to whether the communication between Petitioner and Respondent nevertheless entitled Petitioner to a different application of RPTL § 489-bbbbbb (3) (f) (iii) (A) in this case.

While the doctrine of equitable estoppel can be invoked against municipalities, it is to be invoked sparingly and in exceptional circumstances (*Delacruz v Metropolitan Transp. Authority*, 45 AD3d 482 [1st Dept 2007]). Equitable estoppel against a municipality "applies only where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to reply and who changes [its] position to [its] detriment or prejudice" (*id*.; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]). The doctrine cannot be availed of to validate unauthorized or unlawful acts or to create rights or relieve the mandatory operation of a statute (*Matter of Hauben v Goldin*, 74 AD2d 804, 805 [1st Dept 1980]).

**157547/2019   PARK ROW 23 OWNERS LLC vs. JIHA, JACQUES**                                            **Page 4 of 5**
**Motion No.  001**

4 of 5

[* 4]

The email exchange between Petitioner and Respondent's employee, is somewhat bewildering (NYSCEF Doc. No. 3). The wording of these emails is unclear and confusing enough that Petitioner itself drew two opposite conclusions about the applicability of the special eligibility requirements under the statute. Further, Respondent's employee appears to make representations about the interpretation of RPTL § 489-bbbbbb (3) (f) (iii) (A) that do not have any basis in a rational reading of the statute. The employee advised that the requirements in RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G) apply differently to buildings with more or less than 20% of their square footage designated as residential space. This differentiation is not contained within the wording of the ICAP statute. In fact, RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G) explicitly applies notwithstanding other provisions of the title, and therefore, cannot be said to have any reference to other provisions of the statute concerning residential/commercial apportionment. The employee's interpretation, therefore, is a plainly incorrect reading of RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G) and would prevent Respondent from carrying out the statutory mandate of ICAP. Petitioner, who had the wording of the statute on hand, quoting it in the email exchange, ought to have realised that this was an error and made further inquiries, rather than accepting this representation at face value (*Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988] [declining to apply equitable estoppel where reasonable diligence would have uncovered the municipal error]; *see also Dombroski v Samaritan Hosp*., 47 AD3d 80, 83 [3d Dept 2007] [due diligence required to invoke equitable estoppel]).

In any case, the employee's interpretation of RPTL § 489-bbbbbb (3) (f) (iii) (A)-(G) is plainly incorrect and an error. As the Court of Appeals has held, "estoppel is not available to preclude... a municipality from correcting errors, even where there are harsh results" (*Parkview Assocs. v New York*, 71 NY2d 274 at 282). Petitioner may not rely on the employee's erroneous statement to create a right not afforded to it under RPTL § 489-bbbbbb (3) (f) (iii) (A) et. seq. (*Matter of Hauben v Goldin*, 74 AD2d at 804). Accordingly, Ms. Chan's erroneous statement cannot be held to bind Respondent, regardless of Petitioner's reliance.

Therefore, this Court finds that Respondent's interpretation of RPTL § 489-bbbbbb (3) (f) (iii) (A) was neither arbitrary nor capricious; nor do the email communications by Ms. Chan bind Respondent to an erroneous interpretation of the statute.

Accordingly, it is hereby

**ORDERED** that this petition is denied and the matter dismissed without costs and disbursements to either party; and it is further

**ORDERED** that the Clerk of the Court shall mark the matter disposed.

_____
**7/15/2024**
**DATE**

**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157547/2019   PARK ROW 23 OWNERS LLC vs. JIHA, JACQUES**
**Motion No.  001**

Page 5 of 5

5 of 5

[* 5]