John M. Murtagh, J.
The Attorney-General of the State of New York, in a.proceeding under section 63 (subd. 12) of the Executive Law seeks a judgment restraining respondent from soliciting or accepting specimens from physicians for laboratory examination within the City of New York in the absence of a permit- to do so issued by the New York City Health Service Administration, or within the State of New York outside the City of New York in the absence of a permit to do so issued by the New York State Health Department as required by law.
Respondent corporation’s principal office and place of business is in Hillside, New Jersey. It operates several clinical laboratories in various parts of the United States, but not in New York. Respondent offers its clinical services to physicians, hospitals and others located within this State and the City of New York and has solicited and picked up laboratory specimens from locations in the city and State. These specimens are removed to New Jersey where the tests are performed at *754 respondent’s laboratory with the results being returned to the physicians or other clients in New York. Respondent has never been licensed in this State to operate a clinical laboratory. Although respondent has applied for such a license, its application has been refused because its laboratories are not located within the City or State of New York.
Section 574 of the Public Health Law prohibits a person from soliciting or accepting specimens for laboratory examinations within the City or State of New York without a permit from the specified governmental agency.
It is not disputed that respondent is engaged in the business of soliciting specimens in New York and is not licensed under the Public Health Law.
Respondent contends that since its laboratories are outside the State of New York, the law requiring a permit does not apply to it and the Attorney-General may not prohibit it from soliciting or accepting specimens where applications for such permits are refused by the city and State.
It is no argument that the statute does not apply to laboratories outside the State. The purpose of the statute is to ensure that residents of the State of New York receive properly supervised care (Public Health Law, § 570). If that argument should prevail, then a laboratory can move outside the State, continuing all its activities as formerly, and there would be no way to protect the people of this State from chicanery or violation of standards of hygiene and competence which a laboratory desires to practice. It would make the statute weak and spineless.
Section 574 is clear that persons or companies which “ own or operate a chemical laboratory or blood bank, solicit or accept a specimen * * * or collect, process or store human blood ’ ’ shall be regulated by the State and shall not pursue their activities within the State or city without a permit. Were New York to go along with respondent’s scheme, it would undermine the entire force of the regulatory pattern within the State.
Respondent does not here directly attack the constitutionality of the State and city statutes or of petitioner’s conduct purportedly pursuant to them. It has already done so in a separate action instituted on December 28, 1970, in the United States District Court, Southern District of New York, entitled Biochemical Procedures, Inc., Louis J. Lefkowitz, et al. (70 Civ. 5708), and reserves its right to litigate that issue in that forum.
However, on the issue that respondent does pursue here, namely, whether the State and city statutes are to be construed so as to enable petitioner to totally bar respondent from com *755 merce with New York, it invokes a principle of statutory construction, namely, that where there is a choice between two meanings, the Legislature shall have deemed to have intended the one that does not raise a serious question of constitutionality (citing People v. Finkelstein, 9 N Y 2d 342; People v. Epton, 19 N Y 2d 496; McKinney’s Cons. Laws of N. Y., Book I, Statutes, § 150 (subd. c, and cases cited thereunder).
It cannot be held in construing the statute that the State’s legitimate concern for maintaining high standards of professional conduct does not extend beyond initial licensing. Without continuing supervision, initial examinations afford little protection (Barsky v. Board of Regents, 347 U. S. 442, 449). “ It is elemental that a state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there. It is a vital part of a state’s police power. The state’s discretion in that field extends naturally to the regulation of all professions concerned with health. ’ ’ (Barsky v. Board of Regents, supra, at p. 449.)
Petitioner cites Dean Milk Co. v. City of Madison (340 U. S. 349), where it was held that an ordinance1 yhich in practical effect excludes out-of-State concerns from conducting their businesses within the enacting State unjustifiably discriminates against interstate commerce. However, it is distinguishable from the instant case. Bean Milk dealt with the sale of milk, a physical commodity, readily marketable and well within the traditional scope of the commerce clause as protecting interstate mercantile activity. But respondent deals in a different field. It provides a service to physicians based upon its testing proficiency. Since it is engaged in a professional activity rather than a mercantile business, its activities should be subject to professional rather than mercantile regulations. The regulations of the professions are and always have been left to the State. Further, there is no alternative program available under Federal auspices which provides the same level of protection for residents of the State. The State, in its supervisory program, requires periodic on-site inspections of laboratory premises, including, most importantly, the performance of control tests by the personnel in the laboratory in the presence of the State inspector. The Federal program does not include such supervised performance of control tests.
The court is not persuaded that the statute places an unconstitutional burden on interstate commerce, and that it should be given the meaning as respondent contends. Respondent’s activities here complained of are in violation of the statute. The application is granted.