In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Respondent, v. BIO-CHEMICAL PROCEDURES, INC., Appellant.— Judgment, Supreme Court, New York County entered January 14, 1972, which enjoined and restrained the respondent-appellant from soliciting and accepting specimens for laboratory examination within the City of New York in the absence of a permit so to do issued by the New York City Health Services Administration, or within the State of New York outside New York City, in the absence of a permit so to do issued by the New York State Health Department, and denied respondent-appellant's request for a declaratory judgment, is modified on the law to the extent of declaring that the respondent-appellant is eligible under the New York Public Health Law to apply for an appropriate permit, and as so modified, affirmed without costs and without disbursements. Respondent-appellant maintains and operates a clinical laboratory in New Jersey to analyze, among other things, "human blood or blood derivatives". Section 574 of the New York Public Health Law requires a valid laboratory permit from the State or city, as the case may be, for this purpose. Respondent-appellant, which holds a Federal license pursuant to the Clinical Laboratories Improvement Act (U. S. Code, tit. 42, § 263a) desires to apply for a permit for its facilities outside of New York, at its own proffered expense for all investigations and examinations necessary to determine its eligibility. However, it has been refused the opportunity on the basis that section 579 of the same statute allegedly restricts qualification "to all laboratories *within the state*" (italics supplied), and it is not so located. Subdivision 1 of section 574 in requiring a permit, applies to all laboratories "outside of the city of New York". The purpose of section 579 is not to restrict eligibility for a permit, but to exclude certain specific categories of laboratories, such as that operated by "a licensed physician", etc. "for his own patients" from the need for licensing. As we read section 579, it has no application to and does not proscribe a permit for an out-of-state laboratory. In view of our holding, we do not deem it necessary to pass on the constitutional issues raised by the appellant. Concur — Kupferman, J. P., Murphy, McNally and Steuer, JJ.; Tilzer, J., dissents in the following memorandum: I would affirm on the opinion of Judge Murtagh at Special Term. I believe that section 574 of the Public Health Law is a valid exercise of the State's police power. The fact that the respondent-appellant holds a Federal license pursuant to the Clinical Laboratories Improvement Act (U. S. Code, tit. 42, § 263a) does not prevent application of the State's statute. (U. S. Code, tit. 42, § 263a, subd. [h].) The appellant's offer to submit to inspection at its own expense is unavailing. In the first place, the Public Health Law only authorizes licensing of laboratories located within the State.

Section 579 of the Public Health Law provides as follows: "This title is applicable to all laboratories within the state". Subdivision 1 of section 574 while referring to laboratories "outside of the city of New York," merely draws a distinction between laboratories requiring a State permit as opposed to subdivision 2 of section 574, which provides for a city permit for laboratories located within the City of New York. The phrase "outside the city of New York" clearly cannot be considered to authorize licensing of laboratories outside the State of New York. Moreover, to require New York State or New York City, to send its personnel to all out-of-State laboratories seeking licenses, in order to conduct the periodic inspections provided for under the statute places an undue burden upon them which for practical reasons is almost impossible of performance. There is no indication that there is sufficient personnel to meet these new duties thrust upon the State and city by the majority of this court. The purpose of the statute involved herein is "to promote the public health, safety and welfare". (Public Health Law, § 570.) In this sensitive area, so vital to the people of the State, I believe it of utmost importance to follow the statutory scheme to the letter, and not to take any unnecessary gambles. [68 Misc 2d 753.]