In the Matter of MICHAEL SCHWARTZ, Respondent, v MATTHEW T. CROSSON, as Chief Administrator of the Courts, et al., Appellants.

Third Department, February 21, 1991

APPEARANCES OF COUNSEL

*Barbara Zahler-Gringer, Michael Colodner* and *John Eiseman* for Matthew T. Crosson, appellant.

*Robert Abrams, Attorney-General (Frank K. Walsh* and *Peter G. Crary* of counsel), for Edward V. Regan, appellant.

*Barton W. Bloom* for respondent.

## OPINION OF THE COURT

HARVEY, J.

Petitioner, a State employee, was appointed as a full-time Principal Law Clerk at a salary grade 31, step 1 in February 1982. Petitioner was incremented to grade 31, step 2 in April 1983. In January 1984, petitioner was appointed as a part-time Law Clerk in a salary grade 24, step 2. Petitioner held the position of part-time Law Clerk until his resignation in April 1984. In July 1985, petitioner was again appointed as a part-time Law Clerk at a salary grade 24 but he was paid at step 1, the hiring rate, because the annual salary increments earned in his previous service could not be credited because he had been terminated for more than one year *(see,* Judiciary Law § 37 [3] [e]; 22 NYCRR 25.28 [d]). Petitioner remained in this position earning annual increments until December 1988 when his salary was at grade 24, step 3.

At that time, petitioner was offered a position as a full-time Principal Law Clerk which would require petitioner to give up his private law practice. In a letter dated December 13, 1988, the executive assistant to the Administrative Judge of the Ninth Judicial District stated that, based upon petitioner's years of service, petitioner's new position would be at salary

grade 31, step 6, at an annual salary of $70,398. In reliance upon this representation, petitioner accepted the position. He was then informed that he was to be paid at the hiring rate of a salary grade 31. A representative of respondent Chief Administrator of the Courts thereafter adjusted petitioner's salary to grade 31, step 4 (with a $64,233 salary) due to reinstatement of his former position at grade 31, step 2 and due to statutory amendments providing two additional annual increments.

Petitioner subsequently commenced this CPLR article 78 proceeding to challenge the determination of his appropriate salary grade. According to petitioner, respondents should be estopped from denying the original determination of petitioner's salary or that respondents improperly failed to credit petitioner with the annual increments earned at the salary grade 24. Respondents countered that the original representation placing him at grade 31, step 6 was a mistake which had to be corrected in accordance with the applicable statutes and regulations. Without reaching the merits of respondents' defenses, Supreme Court granted the petition, holding that respondents were estopped from raising a defense due to petitioner's detrimental reliance on their original representation. This appeal by respondents followed.

█ Initially, we must disagree with Supreme Court that the doctrine of estoppel is applicable. We so hold despite petitioner's detrimental reliance upon the original representation that his salary would be $70,398. It is well settled that estoppel is generally not available against the State when it acts in a governmental capacity (see, New York State Health Facilities Assn. v Axelrod, 154 AD2d 10, 14; see also, Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 368-370; Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 279). Although an exception to the general rule exists in " 'unusual factual situations' to prevent injustice" (Matter of E.F.S. Ventures Corp. v Foster, supra, at 369), it is our view that the present facts do not fall within such an exception. The possibility of one State employee misinforming another prospective State employee about an anticipated salary, while unfortunate, is not so "highly unusual" that the general rule against estoppel should be ignored. Although application of the general rule in this instance may work a hardship to this particular petitioner, it must be remembered that there are important policy considerations underlying the rule against estoppel in cases such as this and it is generally better for an individ-

ual to suffer from governmental mistakes rather than to allow the institution of rules and practices which might eventually result in fraud to the public (see, supra, at 370). While no one suggests here that this particular petitioner is undeserving of the higher salary, it is easy to foresee a situation where a less qualified individual would demand an undeserved salary simply because an official mistakenly promised one.

■ We now turn to the merits and conclude that respondents rationally interpreted and applied the relevant statutes and regulations when determining petitioner's salary grade. All parties agree that petitioner was "reinstated" to his former position as a Principal Law Clerk.* Reinstatements are governed by Judiciary Law § 37 (7) which provides, in pertinent part: "If an employee is * * * reinstated to a *position in the same salary grade, he shall be paid the same salary in such new position as he received in his former position * * *.* An employee so * * * reinstated shall be eligible to receive the increments in the schedule established for the new position based upon the number of his years of service in the new position *and in his former position"* (emphasis supplied). The parties dispute petitioner's entitlement to increments based upon the number of years "in his former position" (§ 37 [7]). Petitioner argues that his former position includes both the years at the salary grade of 31 and at the salary grade of 24, which would entitle him to six increments. Respondents, on the other hand, maintain that the phrase "former position" in the statute refers only to the years at the salary grade of 31, which would entitle petitioner to two increments.

In general, "reviewing courts defer to the interpretation accorded a statute by the enforcing agency unless it is irrational or unreasonable" (Matter of Linen World v New York State Tax Commn., 140 AD2d 877, 879). It must be remembered additionally, however, that with statutory interpretation legislative intent is the primary focus (see, Catlin v Sobol, 155 AD2d 24, 28-29, n). Here, since the legislative history is silent as to the Legislature's intent regarding the disputed provision of Judiciary Law § 37 (7), our attention must remain focused on the express language of the statute (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 94). From its language, the statute's purpose appears to be an assurance that an

---

* Pursuant to 22 NYCRR 25.28 (d) (2), the Chief Administrator had the discretion to reinstate petitioner to his former position even though petitioner had resigned from his former position for more than one year.

employee reinstated to his or her former position at the same salary grade will not suffer the salary reduction that would occur if the employee was reinstated at the hiring rate. Since petitioner was reinstated to his position of Principal Law Clerk at salary grade 31, the statutory language "former position" would logically refer to petitioner's position at salary grade 31. The present interpretation that "former position" does not encompass petitioner's position at the salary grade 24 is further supported by the fact that when an employee is moved to a higher grade position, the Legislature failed to provide the employee with credit for the increments earned at the prior lower grade position (see, Judiciary Law § 37 [5] [a]). Accordingly, the Chief Administrator's interpretation of the statutory provision is supported by the express statutory language and the over-all statutory scheme; it is therefore rational and should not be disturbed.

WEISS, J. P., MIKOLL, LEVINE and MERCURE, JJ., concur.

Judgment reversed, on the law and the facts, without costs, determination confirmed and petition dismissed.