■ In the Matter of CENTRAL DIAGNOSTIC LABORATORY, INC., Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, recouped an overpayment of Medicaid funds paid to petitioner.

This CPLR article 78 proceeding was commenced by petitioner to challenge a determination of respondent, made after an administrative hearing, which excluded petitioner as a provider from participation in the Medicaid program and ordered that petitioner repay $4,727,936.20 for Medicaid billings that were improperly paid to it. Petitioner was found ineligible to bill for laboratory services it performed in its lab in New Jersey on specimens taken in New York City from New York City Medicaid recipients because it did not have the required New York City license. Petitioner's argument that respondent should be equitably estopped from recouping these amounts because it was allegedly misled as to the licensing requirements by Department of Social Services (hereinafter DSS) employees was rejected. This proceeding followed.

The determination must be confirmed. Initially, we note that there is little question that respondent's determination that petitioner improperly provided Medicaid services to New York City residents is supported by substantial evidence in the record. Statutes, regulations and case law all clearly establish that an out-of-State provider cannot service New York City residents without a New York City licensing permit (Public Health Law § 574; 18 NYCRR 505.7; *see also, Matter of People v Biochemical Procedures,* 38 AD2d 925, *affd* 31 NY2d 792).* It is undisputed that petitioner never received its New York City license although it did apply for one from the New York City Department of Health in the fall of 1987. Accordingly, since petitioner improperly received Medicaid funds, the State is authorized to recover them *(see,* 18 NYCRR 515.3; *see also, Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115).

Petitioner maintains, nevertheless, that the State should be estopped from recouping the funds because DSS employees allegedly improperly induced petitioner to provide illegal services and recouping the funds now would result in a "manifest injustice" to petitioner. According to petitioner, its administrator, Agha Abbas, made numerous contacts with DSS employees following the submission of petitioner's application for a New York City license, repeatedly asking and being reassured that it was permissible to do lab work for New York City residents and bill Medicaid even though petitioner only had a Federal interstate license and its New York City license was pending. At the hearing, Abbas stated that he was informed that as long as petitioner had a Medicaid provider number, petitioner could bill Medicaid for the work. Abbas admitted, however, that he never sought a written response to his questions from DSS and never consulted an attorney, an accountant or a health care consultant for advice. At the hearing, the DSS employees did not remember any information they might have given Abbas since they receive hundreds of calls a day. Notably, one DSS supervisor testified that the lower-level employees that Abbas claims he contacted would not have had the authority to give the advice Abbas says he received and that they would have more likely referred him to someone else.

---

* The only service for which petitioner, a New Jersey licensed laboratory, could bill was the testing of specimens taken from New York Medicaid recipients who were *temporarily* in New Jersey *(see,* 18 NYCRR 505.7 [b] [2]).

In any event, regardless of any possible negligence or inappropriate actions on the part of the DSS employees, it is our view that the doctrine of equitable estoppel is inappropriate in this case. "It is well settled that estoppel is generally not available against the State when it acts in a governmental capacity * * *" *(Matter of Schwartz v Crosson,* 165 AD2d 147, 149 [Feb. 21, 1991]; *see also, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 368-370; *Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 279, *appeal dismissed, cert denied* 488 US 801).

Although petitioner argues that this is one of the rare cases requiring an exception to the general rule *(see, Matter of E.F.S. Ventures Corp. v Foster, supra,* at 369), we cannot agree with this contention. For one thing, doubt is cast on petitioner's assertion that it *relied* on the allegedly erroneous statements of the DSS employees by the fact that Abbas testified that he originally implemented the application process for the New York City license as a result of being told by petitioner's general supervisor that such a license was necessary. Obviously, this fact had to have put him on notice as to the truth of the matter. The fact that Abbas may have made repeated telephone calls to DSS seeking some sort of reassurance shows that he had some real doubts and concerns on the issue. In fact, in the midst of the time these alleged inquiries were made by Abbas, petitioner received a Medicaid manual that clearly set forth the licensing requirements, yet the billing continued. The dubious nature of these facts lends some credence to the Administrative Law Judge's stated belief that petitioner was apparently gambling here on the error not being found out. Accordingly, the instant situation is a poor one to apply the rarely used doctrine of estoppel *(see, Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126). This is especially so since important policy concerns such as the avoidance of public fraud are especially important in cases such as this *(see, supra; see also, Matter of Schwartz v Crosson, supra,* at 149).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.