■ In the Matter of GARY L. CASELLA et al., Appellants, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the Unified Court System of the State of New York, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Petitioners are present and former employees holding the position of Chief Attorney of Grievance Committees in the Second and Third Judicial Departments. In this CPLR article 78 proceeding, they seek to annul respondents' determination denying their application to upgrade their salary level from "JG 32" to "JG 34", an order directing respondents to upgrade their salary level, and an award of back pay for the difference in salary from the date each petitioner was classified a "Chief Attorney".

Upon the resignation of the Chief Counsel of the Grievance Committee of the First Judicial Department in 1989, respondents reclassified the position to the title of "Chief Attorney (Grievance Committee, First Department)", and assigned a "JG 34" salary grade to the position. Petitioners, contending that they perform the same responsibilities for their respective Grievance Committees in the Second and Third Departments, seek an upgrade of their salary level to "JG 34", the salary grade for their counterpart in the First Department. In addition, petitioners contend that, in 1985, the Chief Administrative Judge for the Office of Court Administration represented that the First Department position was slated to be reclassified to the title of "Chief Attorney" and assigned a "JG 32" salary grade when a vacancy arose in the position, and thus, that respondents should be estopped from denying petitioners' application for parity in salary. Supreme Court rejected both contentions and granted judgment dismissing the petition.

On appeal, petitioners no longer contend that reclassification of the First Department position lacks a rational basis. Their sole contention is that respondents should be estopped from denying their request. As a general rule, estoppel is not available against a State agency when it acts in its governmental capacity (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 282, rearg denied 71 NY2d 995, cert denied 488 US 801; Matter of Schwartz v Crosson, 165 AD2d 147, 149). The representation made in 1985 that the First Department position would be reclassified to a salary grade of "JG 32" when a vacancy arose played no part in the rejection of petitioners' prior administrative applications for similar relief. Under the circumstances, this is not an appropriate case for the application of judicial estoppel (see, Anonymous v

*Anonymous,* 137 AD2d 739; *Hinman, Straub, Pigors & Manning v Broder,* 124 AD2d 392, 393). Further, petitioners have failed to demonstrate that exceptional circumstances exist that would justify applying the doctrine of equitable estoppel against respondents *(see, Matter of Schwartz v Crosson, supra; Matter of Uzenski v Nadel,* 112 AD2d 684). (Appeal from Judgment of Supreme Court, New York County, Parness, J.— Article 78.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.