■ In the Matter of INTER-CITY MEDICAL LABORATORIES, INC., Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated August 28, 1989, which, after a hearing, (1) suspended the petitioner from participation in the New York State Medical Assistance for Needy Persons Program for a period of two years, and (2) directed restitution of all Medicaid reimbursements made to the petitioner during the period of October 1, 1985, through December 31, 1988.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

This proceeding was commenced by the petitioner to challenge a determination of the respondent Commissioner of the New York State Department of Social Services, made after an administrative hearing, which excluded the petitioner as a provider from participation in the Medicaid Program for a period of two years and directed that it repay $2,659,170, plus interest, representing all reimbursements paid to the petitioner following its decertification from the Federal Medicare Program on October 1, 1985. We conclude that there is substantial evidence to support the respondent State Commissioner's findings and determination. The petitioner failed to demonstrate that the reimbursements in question concerned Medicaid services provided by it while it was certified in the Federal Medicare Program. Its apparent contention that it is being deprived of compensation for services performed before the decertification, but billed during the decertified period, was not raised at the hearing and appears for the first time in the petitioner's reply brief. Accordingly, it is not properly before us, and is, in any event, unsupported by proof in the record. Indeed, we note that at the hearing the parties agreed that "the amount of medicaid funding at issue is all payments made for services provided from October 1, 1985 through the end of 1988", refuting the petitioner's claim that payments may have related to services rendered prior to decertification.

In addition, there is no question that the petitioner improperly operated its facility during the entire period in question without a New York City laboratory permit *(see,* Public Health Law § 574; 18 NYCRR 505.7; *Matter of Central Diagnostic Lab. v Perales,* 172 AD2d 944, citing *Matter of People v Biochemical Procedures,* 38 AD2d 925). The State is therefore authorized to recover all of the improperly received Medicaid funds *(see,* 18 NYCRR 515.3 [b]).

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.