■ GREGORY A. FRASER, Appellant, v STATE OF NEW YORK, Respondent. [597 NYS2d 128] —In a claim, *inter alia,* to recover damages for breach of an employment contract, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated March 12, 1991, which, upon the granting of the defendant's motion at the close of trial to dismiss the claim on the merits, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with costs.

The claimant was employed by the State University of New York at Stony Brook as a Principal Drafting Technician (SG 16) from October 12, 1989, until his resignation effective December 22, 1989. This claim arose from the fact that when the claimant interviewed for the position, and again upon hiring, he was told by personnel that his annual salary would be $27,370 plus location pay. However, the actual salary applicable to that job, SG 16, within the Public Employees Federation (hereinafter "PEF") bargaining unit, was $25,982 plus location pay. The higher salary quoted to the claimant was applicable to SG 16 in the contract between the Civil Service Employees Association and the State.

On appeal, the claimant contends that the State's employees negligently misrepresented the salary he would receive. We find that the claimant has not proven a valid claim of negligent misrepresentation *(see, International Prods. Co. v Erie R. R. Co.,* 244 NY 331, *cert denied* 275 US 527; *Pappas v Harrow Stores,* 140 AD2d 501, 504). We also find no merit to the claimant's assertion that the State's failure to provide him with the greater salary constituted a breach of contract. The University could not pay any salary other than the one required by the PEF collective bargaining agreement *(see,* Civil Service Law § 204). Further, the doctrine of estoppel is not available against the State in this matter. It is well settled that estoppel is generally not available against the State *(see, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 368-370). Although an exception to the general rule exists in " 'unusual factual situations' " to prevent injustice *(Matter of E.F.S. Ventures Corp. v Foster, supra,* at 369), the present facts do not fall within such an exception. The possibility of a State employee misinforming the claimant about an anticipated salary is not so "highly unusual" that the general rule against

estoppel should be ignored *(Matter of Schwartz v Crosson,* 165 AD2d 147, 149).

The claimant's remaining contentions are without merit. Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.