■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH FARREN, Appellant, v MELVIN WILLIAMS, as Superintendent of Gowanda Correctional Facility, Respondent. [695 NYS2d 459] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied the petition for a writ of habeas corpus. We reject the contention of relator that the provisions of Vehicle and Traffic Law § 1196 (4) require that the sentence of incarceration imposed upon his conviction of driving while intoxicated be terminated because he completed an alcohol rehabilitation program prior to sentencing. Relator concedes that he was not eligible for the program based upon his conviction of an alcohol-related crime within five years of the instant conviction (*see,* Vehicle and Traffic Law § 1196 [4]). He contends, however, that respondent is equitably estopped from requiring him to continue serving his sentence because he completed a rehabilitation program. We disagree. "Absent an unusual factual situation, 'estoppel is not available against a governmental agency engaging in the exercise of its governmental functions' " (*Advanced Refractory Technologies v Power Auth.*, 81 NY2d 670, 677; *see also, Matter of Casella v Crosson*,

178 AD2d 963). (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Habeas Corpus.) Present—Denman, P. J., Lawton, Hurlbutt, Scudder and Balio, JJ.