Matter of Mark Cerrone, Inc. v Zemsky (2020 NY Slip Op 04252)





Matter of Mark Cerrone, Inc. v Zemsky


2020 NY Slip Op 04252


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


270 CA 19-00298

[*1]IN THE MATTER OF MARK CERRONE, INC., PETITIONER-RESPONDENT,
v
HOWARD ZEMSKY, AS COMMISSIONER OF NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, RESPONDENT-APPELLANT.






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 14, 2018 in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from a judgment granting petitioner's petition pursuant to CPLR article 78 to, inter alia, annul a determination denying petitioner's application for recertification as a woman-owned business enterprise ([WBE]; see Executive Law § 310 [15]; 5 NYCRR 144.2). As an initial matter, because the judgment obligates respondent to recertify petitioner as a WBE through June 1, 2021, we reject the contention of both parties that the appeal is moot in light of a post-briefing change in petitioner's ownership structure (see generally Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]). On the merits, we agree with respondent that the challenged determination is not arbitrary or capricious inasmuch as it was rational to determine that petitioner was not being operated by the woman claiming ownership thereof (see Matter of J.C. Smith, Inc. v New York State Dept. of Economic Dev., 163 AD3d 1517, 1519-1520 [4th Dept 2018], lv denied 32 NY3d 1191 [2019]). Petitioner's alternative ground for affirmance lacks merit (see Matter of Casella v Crosson, 178 AD2d 963, 963-964 [4th Dept
1991]). We therefore reverse the judgment and dismiss the petition.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court