OPINION OF THE COURT
 

 Jones, J.
 

 While the arbitrator in this case was authorized to make a factual determination that the Town of Harrison had created a "new” position in December, 1975, he was precluded from according any legal recognition thereto or granting any relief with respect thereto because of the town’s failure to have complied with the mandate of section 22 of the Civil Service Law.
 

 Prior to December, 1975, Christopher Badolato was employed by the Town of Harrison as a junior engineering aide under the supervision of the town engineer, and James Calandruccio (who had seniority over Badolato) was employed as draftsman under the supervision of the town assessor. On December 17, 1975 for reasons of economy and efficiency the town board abolished the position of junior engineering aide and terminated the services of Badolato as of December 31,
 
 *71
 
 1975. At the same time the duties of that position were consolidated with the duties of draftsman and assigned to Calandruccio in the town engineer’s department.
 

 The union contended that in effecting these rearrangements the town had failed to observe the provisions of sections 7, 8 and 9 of article X of the applicable collective bargaining agreement:
 

 "Section 7.
 
 Neither the employer, nor CSEA, through their officers, members, representatives, agents or committees, shall engage in any subterfuge of any kind for the purpose of defeating or evading the terms of this Agreement.
 

 "Section 8.
 
 There shall be no discrimination, interference, restraint or coercion by the employer or any of its officers or agents against any employee, because of any lawful activity on behalf of the CSEA or because of membership in the CSEA and the CSEA, its officers or agents shall not coerce employees into membership in the CSEA in an unlawful manner.
 

 "Section 9.
 
 A. The CSEA president shall be notified in writing of any and all promotional opportunities, job openings, and/or creation of new job titles as soon as such opportunities, openings or creations are known. Upon receipt of such notification in writing, the Town Board obligations cease. From the time the CSEA President receives such notification, ten (10) working days will be allowed for posting, circulating and receiving acknowledgements.
 

 "B. Promotional opportunities, job openings, and/or creation of new job titles are to be given to the senior qualified employee(s) within the department whenever they occur and second opportunities are to be given to employees in other departments. Vacancies are to be filled from the outside only after exhausting the abovementioned opportunities.”
 

 The union sought arbitration of its claims that the town had violated the terms of their agreement both when it terminated Badolato and when it thereafter failed to offer him the newly created position. The town moved to stay arbitration on the ground that Badolato had instituted an article 78 proceeding for similar relief.
 
 [1]
 
 The motion to stay was denied on the
 
 *72
 
 ground that the article 78 proceeding brought by Badolato constituted no waiver of the union’s right to arbitration.
 

 After hearings the arbitrator handed down a decision on September 29, 1976 in which he determined that the town had not violated sections 7 and 8 when it terminated Badolato but had violated section 9 of the collective bargaining agreement in appointing Calandruccio to the new position. This latter conclusion was based on the arbitrator’s factual findings that the town was organized by departments, that by its actions on December 17 it had created a new position, and that this resulted in the establishment of a promotional opportunity within the meaning of section 9. The arbitrator then determined that under the provisions of subdivision B of section 9 Badolato should have been given this job, and in addition, that the failure of the town to notify him as union president of the opening and to follow the other provisions of subdivision A of section 9 violated that subdivision as well. The arbitrator expressly rejected the town’s contention that subdivision B of section 9 violated the provisions of the Civil Service Law. He further expressly noted that the "issue of Mr. Calandruccio’s status is not before the Arbitrator in this case”. In the award the town was directed to place Badolato in the position of draftsman in the town engineer’s department effective January 1, 1976, with entitlement to all salary and benefits properly pertaining to that position to commence on that date.
 

 The union moved to confirm the arbitrator’s award, and the town cross-moved to vacate the award. Special Term granted the cross motion to vacate and dismissed the motion to confirm. The Appellate Division affirmed, and we now announce our agreement with the dispositions below.
 

 Special Term based its decision on two alternative grounds: first, that subdivision B of section 9 of article X of the collective bargaining agreement violates constitutional and civil service requirements that appointments and promotions be made according to merit and fitness to be determined by competitive examinations as far as practicable, and, second, that the purported creation of a new job was invalid as in contravention of the provisions of section 22 of the Civil
 
 *73
 
 Service Law. The Appellate Division affirmed on the opinion at Special Term, adding,
 
 inter alia,
 
 that the town’s failure to seek a stay of arbitration on these grounds could not be deemed a waiver of such fundamental public policy restrictions. We base our affirmance on our agreement that the award of the arbitrator was properly vacated because it conflicts with the provisions of section 22 of the Civil Service Law. Accordingly, we do not reach or consider the contentions of the parties with respect to the relation of subdivision B of section 9 with section 52 of the Civil Service Law and section 6 of article V of our State Constitution.
 

 At the outset we note that the contentions of the town that it was not departmentalized and that no new position was in fact created must be rejected. These questions, involving factual determinations, were within the scope of the issues properly submitted to the arbitrator and his determinations are accordingly binding and conclusive on the parties.
 

 Turning then to the significance to be accorded section 22 of the Civil Service Law, we iterate what we have recently said, "there are now but a few matters of concern which have been recognized as so intertwined with overriding public policy considerations as to either place them beyond the bounds of the arbitration process itself or mandate the vacatur of awards which do violence to the principles upon which such matters rest.”
 
 (Matter of Sprinzen [Nomberg],
 
 46 NY2d 623, 630.) This case presents one of those exceptions to the general rule.
 

 Section 22 provides as follows:
 

 "Certification for new positions.
 

 "Before any new position in the service of a civil division shall be created, the proposal therefor, including a statement of the duties of the position, shall be referred to the municipal commission having jurisdiction and such commission shall furnish a certificate stating the appropriate civil service title for the proposed position. Any such new position shall be created only with the title approved and certified by the commission.”
 
 [2]
 

 In this case it is conceded that the mandate of this section was wholly ignored; the county personnel officer, acting as the municipal civil service commission, upon whom the statute
 
 *74
 
 conferred exclusive jurisdiction, was in no way involved in the creation of the new position nor was the position approved or certified by him. Thus, we agree with both courts below that there can be no recognition of the creation of the new position.
 

 The public policy manifested in the Civil Service Law is very strong indeed (e.g.,
 
 Matter of Maloney v Nassau County Civ. Serv. Comm.,
 
 46 NY2d 1003;
 
 Matter of Canfield v Mealy,
 
 288 NY 149). The statutory prescription that new positions can be created only by the municipal civil service commission is a specific instance of such strong public policy. It reflects the fact that the public has an interest in the creation of new positions which the municipality and its employees, whether represented by a union or otherwise, are not at liberty to ignore and may not circumvent. Section 22 states a statutory imperative which "is beyond the power of the parties to alter or modify * * * by collective bargaining, agreement to arbitrate or otherwise.”
 
 (Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,
 
 38 NY2d 137, 144.) Thus, while the arbitrator did have authority to make a binding factual determination that a new job had been created, it was beyond his power, or any power conferred on him by the parties, to give legal recognition or to attach legal significance to that determination.
 

 We agree, too, with the courts below that this trespass on public policy was not waived by the failure of the town to raise it on the motion to stay arbitration. In this connection we observe additionally that there was no comparable inhibition on the reference to arbitration of so much of the union’s claims as related to sections 7 and 8 of article X of the collective bargaining agreement.
 

 Inasmuch as the arbitrator has denied those portions of the union’s grievance claiming violation of sections 7 and 8 of article X no purpose would now be served by remitting those matters to him. With respect to the union’s claims under section 9, the arbitrator would be without power to fashion any remedy with respect to Badolato’s claim of entitlement to appointment to the "new” position. Accordingly, no purpose would be served by any remittal to the arbitrator as requested by the union.
 

 In making the disposition we do, we note expressly, as did the arbitrator, that Mr. Calandruccio’s status is not before us, and we intimate no adjudication with respect thereto.
 

 
 *75
 
 For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 [1]
 

 . Badolato, the union president, had commenced a proceeding under article 78 alleging that the town had violated section 80 of the Civil Service Law and requesting a judgment directing his reinstatement as a junior engineering aide and a review of the town’s determination which abolished his position. On June 17, 1976 Supreme Court, Westchester County, found that Badolato had failed to establish bad faith on the part of the town board. It held that no violation of the Civil Service Law had been
 
 *72
 
 demonstrated and dismissed the petition. In so doing the court expressly noted that it did not "pass on the question of whether or not a contract violation has occurred. * ** * This decision is limited to a holding that petitioner may not at this time invoke article 78 on the grounds that his position was eliminated in bad faith.” No appeal was taken from that disposition.
 

 [2]
 

 . This section was amended in 1978 to extend its restrictions to reclassification of existing positions as well (L 1978, ch 99).