■ In the Matter of STEVE KOVER, Appellant, v WESTCHESTER COMMUNITY COLLEGE et al., Respondents.—In a proceeding pursuant to CPLR article 78, petitioner appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered December 5, 1983, which granted respondents' motion to dismiss pursuant to CPLR 7804 (f).

Judgment modified, on the law, by deleting the provision thereof which dismissed those branches of the petition which pleaded causes of action predicated upon Civil Service Law § 75 (1) (b), CPLR 7803 (3) and 42 USC §§ 1983, 1988, those branches of the petition reinstated, and matter remitted to the Supreme Court, Westchester County, for trial upon these causes of action. As so modified, judgment affirmed, with costs to petitioner.

Petitioner was appointed to a position by respondent Westchester Community College, effective in January 1977, which is now entitled "Senior Technical Assistant". He contends that at that time his position was within the noncompetitive classified civil service (Civil Service Law §§ 40, 42). In October 1977, the Chancellor of the State University certified this position to be within the college's "professional service", thus placing it in the unclassified civil service pursuant to Civil Service Law § 35 (i) and Education Law § 6306 (2). In December 1982, petitioner was summarily dismissed from his position by respondents.

Due to conflicting allegations and proof, it is impossible to determine, upon this record, whether petitioner lawfully held a tenured position in the classified service prior to the Chancellor's certification. If petitioner held such a position prior to the October 1977 certification, then he had a vested property right in his position (Civil Service Law § 75 [1] [b]; *Board of Regents v Roth*, 408 US 564; *Matter of Economico v Village of Pelham*, 50 NY2d 120, 124-125) and his employment could not be terminated without due process (Civil Service Law § 75; *see, e.g., Amico v Erie County Legislature*, 36 AD2d 415, *affd* 30 NY2d 729; *Matter of Fornara v Schroeder*, 261 NY 363).

Conversely, if petitioner was appointed to a new position whose certification was then pending, he could not become entitled to a vested property right in his position until it was officially "created" (Civil Service Law § 22; *Matter of Civil Serv. Employees Assn. v Town of Harrison*, 48 NY2d 66). After

the Chancellor officially certified that the position was in the professional and, thus, unclassified, service, petitioner could not have acquired any property right in such a position *(Matter of Glazer v Hankin,* 50 AD2d 924).

Even if petitioner held a classified title prior to October 1977, he is not entitled to the benefits of Civil Service Law § 75 unless he obtained tenure in that position by virtue of continuous service beyond the relevant probationary period (Civil Service Law § 63) prior to October 1977. Petitioner may not challenge the propriety of the Chancellor's October 1977 certification at this late date (CPLR 217).

Similarly, petitioner's claims pursuant to 42 USC §§ 1983, 1988, hinge upon his rights under Civil Service Law § 75 and cannot be resolved in the absence of the resolution of the above factual issues.

Consequently, a trial is required so that Special Term may determine, *inter alia:* (1) what position petitioner held prior to the Chancellor's certification in October 1977, (2) whether that position was a new position whose official certification was then pending or an already certified position under Civil Service Law § 22, (3) if it was an already certified position, whether it was within the classified or unclassified service prior to October 1977, and (4) if it was a certified position within the classified service at that time, did petitioner obtain tenure in that position prior to the Chancellor's certification in October 1977, and thus become entitled to a vested property right in the position pursuant to Civil Service Law § 75.

Furthermore, Special Term failed to consider petitioner's claims pursuant to CPLR 7803 (3) *(see, e.g., Matter of Economico v Village of Pelham, supra,* at p 127) and a trial is required upon that claim as well. At the trial, the court should also consider whether respondents' action may be justified by application of the disability leave provisions of the Civil Service Law (Civil Service Law §§ 71, 73; *see, e.g., Matter of Economico v Village of Pelham, supra,* at pp 126-129).

We have examined the parties' remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.