■ SIDNEY RIGBY et al., Appellants, v COUNTY OF NASSAU, Respondent.—In an action, *inter alia,* to compel the respondent to grant the plaintiff Sidney Rigby a salary longevity increment, and to recover damages for breach of a collective bargaining agreement, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated July 1, 1985, which denied their motion for summary judgment, granted the defendant's cross motion for summary judgment, and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

At the outset, we note that the plaintiff's claim for a second longevity increment is governed by the 1979-1981 collective bargaining agreement between the Nassau Chapter of the Civil Service Employees Association and the respondent County of Nassau. The record clearly indicates that the plaintiff received a provisional promotion in January 1967, even though the plaintiff claims he had been performing the same duties since 1963. While the plaintiff has failed to apprise this court of what his alleged duties were at that time, we note that these would have been out-of-title duties. The reclassification to the position in 1967 involving the out-of-title duties

that the plaintiff was previously performing constitutes a promotion to a higher position (see, *Yakkey v County of Nassau*, 121 AD2d 716). The record also reveals that this promotion was made permanent in March 1968. Accordingly, the plaintiff was not entitled to a second longevity increment based on 15 years of service until 1982. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.