■ TOWN OF BROOKHAVEN, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, BROOKHAVEN TOWN WHITE COLLAR UNIT, et al., Appellants.—In a proceeding to stay the arbitration of a grievance, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated January 29, 1987, which granted the application.

Ordered that the judgment is reversed, with costs, the application is denied, and the parties are directed to proceed to arbitration.

Based upon a provision in the collective bargaining agreement between the appellant Civil Service Employees Associa-

tion (hereinafter CSEA) and the respondent mandating that an employee be paid the rate for a higher position whenever he assumes a higher temporary position for more than 20 days, CSEA filed a grievance requesting retroactive out-of-title pay. When the respondent denied the grievance, CSEA demanded arbitration. The court subsequently granted a stay of arbitration requested by the respondent, which maintained another method of review of the grievance was prescribed by Civil Service Law § 22.

Under the provisions of the collective bargaining agreement that exists between CSEA and the respondent, there is a broad arbitration clause, precluding the use of that method of dispute resolution only where another method of review is prescribed or made applicable by law or rule or regulation to the matter at hand. The respondent has failed to indicate the existence of any such law, rule or regulation. Notwithstanding the respondent's distorted characterization of CSEA's claim, CSEA has not sought creation or reclassification of a civil service position under Civil Service Law § 22 but only retroactive pay for out-of-title work. Moreover, public policy is not offended by an arbitration award involving an interpretation of a job description which does not create or classify a new position *(see, Matter of Dutchess County Ch. [Dutchess County],* 54 NY2d 738). Accordingly, arbitration is the appropriate means of resolving the underlying dispute herein. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.