■ In the Matter of COPAIGUE UNION FREE SCHOOL DISTRICT, Appellant, v LOCAL 852, CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent. (Matter No. 1.) In the Matter of MICHAEL SOLLECITO, Respondent, v BOARD OF EDUCATION OF COPAIGUE UNION FREE SCHOOL DISTRICT, Appellant. (Matter No. 2.)—In a proceeding pursuant to CPLR article 75 (matter No. 1) to stay arbitration, and a proceeding pursuant to CPLR article 78 to prohibit the respondent from assigning the petitioner bus duty (matter No. 2), the appeal is from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered April 7, 1989, which denied the application to stay arbitration and stayed the proceedings in matter No. 2 pending arbitration.

Ordered that the order is affirmed, with costs.

The petitioner Michael Sollecito, a custodial worker with the Copaigue Union Free School District (hereinafter the School District), filed a grievance with Local 852 of the Civil Service Employees Association. He alleged that the School District had assigned him to "bus duty", which entailed directing traffic while students were exiting or boarding a school bus. After Sollecito had processed his claim through the fourth step grievance procedure set forth in the collective bargaining agreement, the School District sought to stay the fifth and final arbitration step of the agreement.

The Supreme Court denied the School District's application to stay arbitration on the ground that the claim sought to be

arbitrated is one which may properly be arbitrated under the collective bargaining agreement. Article 26 of the collective bargaining agreement, captioned "Grievance Procedure" states that "The Union and Employer shall make reasonable efforts to resolve all grievances and disputes. A grievance is defined as a complaint by an employee based on an alleged violation of the provisions of this contract". Inasmuch as the School District has failed to indicate any law, rule or regulation precluding resolution of the issue by arbitration, and public policy is not offended by an arbitration award involving an interpretation of a job description which does not create or classify a new position, the issue is arbitrable *(see, Town of Brookhaven v Civil Serv. Employees Assn.,* 141 AD2d 630; *Matter of Dutchess County Ch. [Dutchess County],* 54 NY2d 738). Accordingly, arbitration is the appropriate means of resolving this dispute and the Supreme Court properly denied the School District's application for a stay. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.