■ In the Matter of BOARD OF EDUCATION OF THE GLEN COVE CITY SCHOOL DISTRICT, Appellant, v JUDY STEIGERWALD et al., Respondents. [620 NYS2d 109] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered March 18, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

After being denied satisfaction from steps one and two of a three-step grievance procedure, the respondent Judy Steigerwald individually demanded arbitration (step three) of her claim against the petitioner. We agree with the petitioner that under the terms of the collective bargaining agreement, Steigerwald was not permitted to individually demand arbitration. The right to demand to arbitration is reserved to the petitioner and the respondent Glen Cove Teachers Association (hereinafter the Association) as parties to that agreement (see, County of Westchester v Mahoney, 56 NY2d 756; Perduyn v Consolidated Edison Co., 185 AD2d 766; Matter of Lubin v Board of Educ., 119 AD2d 497, 500; Aloi v Board of Educ., 81 AD2d 874). Nevertheless, since the Association had indicated that it had adopted Steigerwald's demand as its own, arbitration should be allowed to proceed. The issue of whether the Association could adopt Steigerwald's demand for arbitration

as its own is a matter which we leave for the arbitrator to decide *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.