■ In the Matter of the TOWN OF NEW CASTLE, Respondent, v EDNA L'EPLATTENIER, Appellant, et al., Respondents. [653 NYS2d 619] —In a proceeding pursuant to CPLR article 75 to stay arbitration, Edna L'Eplattenier appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated January 29, 1996, which granted the petition to stay arbitration and denied her cross petition, *inter alia*, to compel arbitration.

Ordered that the judgment is affirmed, with costs.

Edna L'Eplattenier had been employed by the Town of New Castle as an Assessment Clerk since 1983. As such, she was a member of the Civil Service Employees Association (hereinafter CSEA) Local 1000, AFSCME, AFL-CIO. Pursuant to the collective bargaining agreement between CSEA and the Town (hereinafter the Agreement), any employee placed in the Assessment Clerk title on or after January 1, 1977, was placed in Group VI of the salary scale. In 1995, due to an alleged increase in her responsibilities, L'Eplattenier sought to have her rate of compensation as an Assessment Clerk reclassified from a Group VI to a Group VIII. She subsequently filed a grievance seeking "[a]pproval of reallocation from Group VI Step 5 to Group VIII Step 5". When the Town denied the grievance, CSEA demanded arbitration. The Town then commenced the instant proceeding to stay arbitration on the ground that the grievance was not arbitrable. CSEA subsequently withdrew from the arbitration, in writing, recognizing that L'Eplattenier's claim did not constitute a contract grievance. CSEA did not answer the Town's petition to stay arbitration. The court subsequently granted the Town's petition and denied L'Eplattenier's cross petition, *inter alia*, to compel arbitration.

Contrary to L'Eplattenier's contention, the reclassification of a civil service position is governed by Civil Service Law § 22, which a municipality and its employees, whether represented by a union or otherwise, may not circumvent by agreement to arbitrate (*see, Matter of Civil Serv. Empls. Assn. v Town of Harrison*, 48 NY2d 66, 74; *Matter of Union Free School Dist. No. 2 v Nyquist*, 38 NY2d 137, 144). Arbitration of a claim seeking reclassification undermines the public's interest in the creation of new positions and the reclassification of existing

ones (*see, Matter of Dutchess County Ch., Civ. Serv. Empls. Assn. [Dutchess County]*, 54 NY2d 738, 740; *Matter of Civil Serv. Empls. Assn. v Town of Harrison, supra*, at 74; *Town of Brookhaven v Civil Serv. Empls. Assn.*, 141 AD2d 630, 631). Furthermore, L'Eplattenier was not permitted individually to pursue the arbitration when the CSEA withdrew (whether that be characterized as a withdrawal from the arbitration or, as L'Eplattenier puts it, the union's merely "agreeing with the Town's position on the merits"). The right to demand arbitration is reserved to CSEA and the Town as the designated contractual parties to the Agreement (*see, County of Westchester v Mahoney*, 56 NY2d 756, 758; *Matter of Board of Educ. v Steigerwald*, 210 AD2d 401; *Perduyn v Consolidated Edison Co.*, 185 AD2d 766; *Albert v City of New York*, 103 Misc 2d 962, 964).

L'Eplattenier's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.