■ In the Matter of TOWN OF HEMPSTEAD, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION et al., Appellants. [728 NYS2d 715] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Winick, J.), dated October 2, 2000, which granted the petition and stayed the arbitration, and denied the cross motion to compel arbitration.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, the Supreme Court properly found that the grievances the appellants seek to arbitrate concern the reclassification of certain positions from part time/seasonal to full time. As the parties' collective bargaining agreement provides in Schedule D, Part 1.7, and as the appellants acknowledge in their brief, classification issues are not properly the subject of a grievance arbitration (cf., Town of Brookhaven v Civil Serv. Empls. Assn., 141 AD2d 630).

The appellants' contention that they are merely seeking retroactive wages and benefits for two of the petitioner's employees is improperly raised for the first time on appeal (see, Matter of Licari v Board of Educ., 280 AD2d 673; cf., Block v Magee, 146 AD2d 730). In any event, the appellants failed to show that the parties agreed to arbitrate that issue (cf., Town of Brookhaven v Civil Serv. Empls. Assn., supra; see generally, Matter of Board of Educ. [Watertown Educ. Assn.], 93 NY2d 132).

In light of our determination, we need not reach the appellants' remaining contentions. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.