■ In the Matter of the Arbitration between City of Norwich, Respondent, and City of Norwich Firefighters Association, Local 1404, International Association of Firefighters, AFL-CIO, CIC, Appellant. [841 NYS2d 179]—

Crew III, J.P. Appeal from an order and judgment of the Supreme Court (Rumsey, J.), entered December 27, 2006 in Chenango County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner and respondent are parties to a collective bargaining agreement (hereinafter CBA) which established the terms and conditions of employment of petitioner's firefighters. At the time the CBA was established, petitioner employed two types of firefighters: firefighter and fire assistant. Fire assistants were part-time employees and covered the 12-hour night shift, beginning at 6:30 P.M. As of January 2004, petitioner no longer employed any fire assistants, having eliminated them through attrition.

In September 2004, the City of Norwich Civil Service Commission approved creation of a new job position of "per diem Firefighter," which was classified as a noncompetitive position. Individuals employed in this new position were part time, were paid an hourly rate of $10, received no benefits and covered for firefighters who were sick or on vacation.

In August 2005, four per diem firefighters reported for work for the first time, prompting respondent to file a grievance asserting that petitioner had violated the CBA by placing fire assistants on a day shift and paying them only $10 per hour without benefits. The grievance was denied, prompting respondent to demand arbitration. Following a hearing, the arbitrator found that per diem firefighters performed the same duties as fire assistants and should be paid as such in accordance with the CBA.

Petitioner thereafter commenced this proceeding pursuant to CPLR 7511 (b) (1) to vacate the arbitration award upon the ground that it was violative of public policy. Supreme Court granted the petition, prompting this appeal by respondent.

We affirm. In determining that a per diem firefighter is required to perform the same job duties as firefighters and fire assistants and should therefore be accorded the same wages and benefits, the arbitrator has, in effect, reclassified the position. Reclassification of a civil service position is governed by Civil Service Law § 22 and is not subject to arbitration (see e.g. Matter of Town of Hempstead v Civil Serv. Empls. Assn., 286 AD2d 401 [2001]; Matter of Town of New Castle v L'Eplattenier, 236 AD2d 415 [1997]). Accordingly, the award was appropriately vacated.

Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.