■ In the Matter of COUNTY OF WESTCHESTER, Appellant, v EDWARD DOYLE, JR., et al., Respondents. [842 NYS2d 500]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered May 31, 2006, which, inter alia, denied the petition, confirmed the award, and directed that interest on the award be calculated

from August 20, 2004, the date from which the respondent William Leverance was entitled to compensation for out-of-title work.

Ordered that the order is modified, on the law, by deleting the provision thereof directing that interest on the award be calculated from August 20, 2004, and substituting therefor a provision directing that interest on the award be calculated from September 9, 2005; as so modified, the order is affirmed, with costs to the respondents.

"An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [1991]; *see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO,* 6 NY3d 332, 336 [2005]). Contrary to the appellant's contention, public policy was not violated here merely because the determination that the respondent William Leverance was working out-of-title was made by an arbitrator (*see Matter of Dutchess County Ch., Civ. Serv. Empls. Assn. [Dutchess County],* 54 NY2d 738, 740 [1981]; *Town of Brookhaven v Civil Serv. Empls. Assn., Brookhaven Town White Collar Unit,* 141 AD2d 630, 631 [1988]). Since there was evidence before the arbitrator to support her conclusion that Leverance had been working out-of-title, and the determination did not give "a completely irrational construction to the provisions in dispute" (*Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383 [1960]), it cannot be said to be irrational. Even if the arbitrator was incorrect in considering the duties of employees under other titles in making that determination (*cf. Matter of Fitzpatrick v Ruffo,* 110 AD2d 1032, 1034 [1985], *affd* 66 NY2d 647 [1985]), the arbitrator's mistake was, at worst, an error in judgment, which is not a basis for setting aside the determination (*see Matter of Goldfinger v Lisker,* 68 NY2d 225, 230 [1986]; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629 [1979]). As the respondents concede, however, interest was required to be calculated from the date of the award, rather than from the date from which Leverance was entitled to compensation for out-of-title work (*see Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 558 [1979]; *Matter of Meehan v Nassau Community Coll.,* 242 AD2d 155, 159-160 [1998]).

The appellant's remaining contention is without merit. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.