In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated November 8, 2005, the petitioner appeals from a judgment of the Supreme Court, Orange County (Owen, J.), dated October 23, 2006, which, upon an order of the same court dated May 12, 2006, in effect, denying the petition, is in favor of Town of Wallkill Police Benevolent Association and against it, dismissing the proceeding.
*483 Ordered that the judgment is affirmed, with costs.
The issue before the arbitrator was whether the Town of Wallkill violated the collective bargaining agreement between it and the Town of Wallkill Police Benevolent Association (hereinafter the PBA), when the Town Police Chief placed and continued a town police officer on modified duty, and directed that he not be permitted to serve in an overtime capacity after that officer had been involved in an incident on December 12, 2003. Pursuant to the parties’ stipulation, the arbitrator was empowered to determine the appropriate remedy if it was found that the Town violated the collective bargaining agreement. After a hearing, the arbitrator determined that the Town violated the collective bargaining agreement and directed that the police officer immediately be returned to full duty and to the overtime rotation. As for a remedy, the arbitrator directed the Town and the PBA to calculate the average number of overtime hours that the officer worked within the preceding two years in order to compensate him for the overtime he would have worked had the Town not violated the collective bargaining agreement. The Supreme Court, in effect, denied the petition to vacate the award, and dismissed the proceeding. We affirm.
Contrary to the Town’s contention, vacatur of the arbitration award is not warranted since it did not violate a strong public policy, was not irrational, and did not clearly exceed a specifically enumerated limitation on the arbitrator’s power (see CPLR 7511 [b] [1] [iii]; Matter of New York City Tr. Auth. v Transport Workers’ Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit], 70 NY2d 907, 909 [1987]; Matter of County of Westchester v Doyle, 43 AD3d 1055 [2007]; Matter of Matra Bldg. Corp. v Kucker, 2 AD3d 732, 734 [2003]).
The Town’s remaining contentions are either not properly before this Court or without merit. Rivera, J.P, Dillon, Covello and Angiolillo, JJ., concur.