■ In the Matter of KEVIN J. KENNY, Respondent, v ROCK-LAND COUNTY SUPERINTENDENT OF HIGHWAYS et al., Appellants. [4 NYS3d 114]—

In a proceeding pursuant to CPLR article 78 to review a determination dated July 27, 2012, terminating the petitioner's employment with the County of Rockland in the position of Engineer III, the appeal is from a judgment of the Supreme

Court, Rockland County (Alfieri, Jr., J.), dated May 8, 2013, which, after a hearing, granted the petition, annulled the determination, and reinstated the petitioner to the position of Engineer II (Field) with back pay and benefits.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In April 2001, the petitioner was hired by the respondent County of Rockland as an Engineer II (Field) in the County's Highway Department. In August 2005, after serving a 26-week probationary period, he received a permanent appointment to that position. The respondent Charles Vezzetti, the County's Superintendent of Highways, was the petitioner's supervisor. In or about December 2011, the petitioner's Engineer II (Field) position was reclassified to an Engineer III position.

In January 2012, the petitioner submitted an application for the Engineer III position. Thereafter, Vezzetti nominated him for a noncompetitive "promotion" to the title of Engineer III, and he received a salary increase commensurate therewith. In addition, the petitioner's civil service status, according to the seniority roster, was described as "permanent, but serving probationary period." In late June 2012, the petitioner was informed that the County Legislature had approved the elimination of various positions and that, although his position was not among those abolished, another employee with permanent civil service status had greater rights than did the petitioner to the Engineer III position. On July 27, 2012, the petitioner was terminated from his employment.

In October 2012, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondents' determination to terminate his employment contending, inter alia, that his appointment to the Engineer III position was a reclassification of his job title, not a promotion, thereby not requiring any new probationary period. The respondents contended that the petitioner's appointment to the Engineer III position constituted both a reclassification and a promotion, and that the termination complied with applicable law. After conducting a hearing, the Supreme Court granted the petition, annulled the determination, and reinstated the petitioner to the position of Engineer II (Field) with back pay and benefits. The respondents appeal.

Where, as here, an existing civil service position is reclassified, such reclassification is governed by Civil Service Law § 22 (see Matter of City of Norwich [City of Norwich Firefighters Assn., Local 1404, Intl. Assn. of Firefighters, AFL-CIO, CIC],

43 AD3d 609, 610 [2007]; *Matter of Town of New Castle v L'Eplattenier*, 236 AD2d 415 [1997]). Contrary to the Supreme Court's determination, the evidence at the hearing established that the procedural requirements for reclassifying the petitioner's position from Engineer II (Field) to Engineer III were properly met (*see* Civil Service Law § 22; Rockland County Civil Service Rules XXIII [5]). Moreover, contrary to the petitioner's contention, the reclassification also constituted a promotion, as it encompassed certain out-of-title duties which he had begun to perform after having received his engineering license in 2009 (*see Rigby v County of Nassau*, 128 AD2d 513 [1987]), and resulted in a salary increase from a field position (Engineer II) to a management position (Engineer III), and a change in union representation to the Rockland Association of Management.

Thus, and upon our review of the record, we conclude that the determination terminating the petitioner's employment had a rational basis, complied with due process requirements, and was not arbitrary and capricious or an abuse of discretion (*see Matter of Cribbin v New York State Unified Ct. Sys.*, 104 AD3d 763 [2013]; *cf.* CPLR 7803 [3]; *Matter of Bayley Seton Hosp. v New York City Water Bd.*, 46 AD3d 553, 557 [2007]).

The petitioner's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.