Matter of County of Nassau v Civil Serv. Empls. Assn., Civ. Serv. Empls. Assn., AFSCME, Local 1000, AFL-CIO (2022 NY Slip Op 01453)





Matter of County of Nassau v Civil Serv. Empls. Assn., Civ. Serv. Empls. Assn., AFSCME, Local 1000, AFL-CIO


2022 NY Slip Op 01453


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2019-07580
 (Index No. 603440/19)

[*1]In the Matter of County of Nassau, appellant,
v
Civil Service Employees Association, Civil Service Employees Association, AFSCME, Local 1000, AFL-CIO, etc., et al., respondents.


Thomas A. Adams, County Attorney, Mineola, N.Y. (Robert F. Van der Waag and Jackie L. Gross of counsel), for appellant.
Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered May 31, 2019. The order denied the petition to permanently stay arbitration and granted the respondents' motion to compel arbitration.
ORDERED that the order is reversed, on the law, with costs, the petition to permanently stay arbitration is granted, and the respondents' motion to compel arbitration is denied.
The Nassau County Civil Service Commission classifies County employees into one of three categories: full time, part time, or seasonal. The respondent Joseph W. Grzymalski began to work for the petitioner, the County of Nassau, on June 28, 2013. He was classified as a seasonal worker and allegedly worked 40 hours per week until his employment was terminated on July 3, 2018.
On July 13, 2018, the respondent Civil Service Employees Association, AFSCME, Local 1000, AFL-CIO, by its Local 830 (hereinafter CSEA), on behalf of Grzymalski, filed a grievance claiming that because Grzymalski worked 40 hours per week, he was entitled to "full time benefits and status." The petitioner denied the grievance, and the CSEA subsequently filed a demand for arbitration. The petitioner then commenced the instant proceeding to stay the arbitration and the respondents moved to compel arbitration. In the order appealed from, entered May 31, 2019, the Supreme Court denied the petition and granted the motion. We reverse.
In determining whether a dispute between a public sector employer and employee is arbitrable, a court must first determine whether "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnstown Police Benevolent Assn.], 99 NY2d 273, 278; see Matter of Board of Educ. v Yonkers Fedn. of Teachers, 188 AD3d 879, 880). If there is no prohibition against arbitration, the court must examine the parties' collective bargaining agreement to determine "whether the parties in fact agreed to arbitrate the particular dispute" (Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, [*2]AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513, 519; Matter of Rockland v Superior Officers Council of the Sheriff's Corr. Officers Assn. of Rockland County, 178 AD3d 821, 822).
Here, the respondents are essentially seeking a reclassification of Grzymalski's position from seasonal to full time. Since the reclassification of a civil service position can only be accomplished by the municipal civil service commission (see Civil Service Law § 22), the subject grievance is nonarbitrable (see Matter of City of Norwich [City of Norwich Firefighters Assn. Local 1404, Intl. Assn. of Firefighters, AFL-CIO, CIC], 43 AD3d 609, 610; Matter of Town of Hempstead v Civil Serv. Empls. Assn., 286 AD2d 401). In light of our determination, we need not reach the petitioner's remaining contention. Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration and denied the respondents' motion to compel arbitration.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court